ALEXANDER MILLIKEN, PUBLIC ADMINISTRATOR, Appellant, v.
JOSEPH McBROOM, SHERIFF, Respondent.

1. *Agent—Attorney—Authority.*—The attorney of record who recovers a judgment has authority to receive the money realized upon execution, and those dealing with him will not be affected by a revocation of his authority unless they have notice thereof.

2. *Practice—Parties—Assignees.*—The plaintiff in a suit who has assigned the judgment recovered to a third party, has no authority to collect or sue for the money realized upon the execution. The act (Sess. Acts 1868, p. 15) does not confer such authority.

3. *Evidence—Receipt.*—A receipt of an attorney is not admissible in evidence without proof of its execution.

*Appeal from Polk Circuit Court.*

*John S. Phelps,* for appellant.

I. The sheriff (McBroom) collected money on an execution in favor of the administrator of Acock; after the execution was issued the letters of administration to Atkinson and Acock were revoked, and before the money was made the plaintiff as public administrator took charge of the estate, and this entitled him to receive the money. Plaintiff demanded the money and McBroom refused to pay. (R. C. 1855, p. 751, § 67.)

II. The receipt of Hardin was neither admissible nor competent to prove payment. Hardin was not the attorney of the plaintiff, and his authority as an attorney ceased when the letters of administration of Atkinson and Acock were revoked—Sto. Ag. §§ 462, 481, 499; 2 Kent Com. 643-5.

The authority of an attorney in a cause ceases with the death of the client—1 Wms. on Ex. 816. In this State, attorneys have no liens on judgments received by them for their fees—18 Mo. 18.

This suit was properly brought in the name of Alexander Milliken; he was public administrator, and, after the revocation of the letters of administration of Atkinson and Acock, took charge of the estate of Robert E. Acock. For any dereliction of duty on the part of the sheriff the cause of action belonged to the estate, and could only be brought in the name of the administrator for the time being—R. C. 1855, p. 120, § 45. The transfer of the judgment to Mary R. Acock did not prevent the suit being brought in the name of the plaintiff—Acts of 1863, p. 15.

WAGNER, Judge, delivered the opinion of the court.

The appellant in this case who is public administrator of Polk county, having in charge the estate of R. E. Acock, deceased, filed his motion in the Circuit Court against McBroom, late sheriff of Polk county, and his securities on his official bond, for the purpose of compelling the payment of certain money together with damages thereon, alleged to have been collected by the sheriff for the use of said estate, and illegally and wrongfully withheld by him. It seems that Atkinson and Acock were originally administrators of the estate, and while acting in this capacity they employed a James F. Hardin, an attorney-at-law, to prosecute an action against certain debtors of the estate, and judgment was rendered in the proceedings. After the rendition of the judgment, and before levy and sale on execution, the letters of administration to Atkinson and Acock were duly revoked by the Probate Court of Polk county, and the appellant as

public administrator took charge of the estate. Before the revocation of the letters of administration an order was made by the court for the distribution of a certain amount of the assets of the estate, but this order was not executed by the administrators, Atkinson and Acock, and when the appellant took charge of the estate in pursuance of the order he transferred the judgment, above referred to, to Mary R. Acock, infant child of Robert E. Acock, for whom Lucy C. Acock was guardian and curator.

The appellant declined to continue Hardin as attorney for the estate, and notified the sheriff to pay whatever money came into his hands arising from the sale of property on the execution to him only. Upon a sale of property sufficient money was made to satisfy the judgment, and the appellant demanded the same of the sheriff, but he refused to pay it over to him as requested, and then paid it to Hardin. Upon the hearing of the motion, the receipt of Hardin endorsed on the execution was read in evidence by the defendants without any proof that it was ever executed by Hardin, against the objection of the appellant. The court below gave judgment for the defendant and an appeal was taken to this court.

An attorney of record in a cause is entitled to recover payment of a judgment recovered therein, and those dealing with such attorney will not be affected by a revocation of his authority if they have had no notice of the fact. (Bank of Mo. v. Hawkins, 28 Mo. 366.) Hardin having obtained the judgment, and performed all the professional labor necessary to its collection, was entitled to his fees for his professional services; but it by no means follows that he had the absolute right, by law, to continue to act and receive the money after an express notification that the money must not be paid to him, but to the person in whose favor it was due. Whether the revocation of the authority of the administrators who employed him, *ipso facto* determined his right to manage and control the execution need not be decided, as the appellant shows no right to the proceeds of the

Acock's Adm'r v. McBroom.

execution, and clearly has no standing in court. Before this proceeding was instituted the judgment had been transferred to Mary R. Acock, an infant and a distributee of the estate of R. E. Acock, deceased. Lucy C. Acock was her guardian and curator, and as such had the exclusive right to the custody, management and control of all her property, both real and personal, and to prosecute for and reduce to possession her choses in action. With the assignment or transfer of the judgment, it passed beyond the control of the administrator, and he had no further authority over and concerning the same. It was vested in another person, who was alone authorized to govern and manage the execution and receive the proceeds. We have been referred to an act relating to practice in courts of justice, passed by the Legislature in 1863, as justifying this proceeding and warranting its prosecution in the name of the administrator—Sess. Acts 1863, p. 15. But that act will bear no such construction. It provides in "case of any transfer heretofore made, or to be made, of any interest in any action now pending, or hereafter to be brought, other than that occasioned by death, marriage or other disability of a party, the action shall be continued in the name of the original party, if," &c. This act contemplates the continuance of the action in the name of the original party when the transfer is made after suit brought. But in the case at bar, the public administrator was never a party to the original proceeding; he never was substituted as a plaintiff in the execution, and the transfer of the interest in the judgment was made before the motion was filed. The demand should have been made and the motion filed by the guardian and curator, who is alone authorized and entitled to receive the money.

The court clearly erred in admitting the receipt of Hardin in evidence without proof of its execution, but, as the appellant shows no grounds for recovering in this proceeding, the error is not material.

The judgment must be affirmed. Judge Holmes concurs; Judge Lovelace absent.