### Charles T. Parker v. Elijah C. Blighton.

*Attorney and client: Liens: Settlements.* An attorney has no lien on a suit he has brought for his client, which can invalidate a settlement thereof made by the client without his knowledge or assent.

*Heard June 8. Decided June 18.*

Error to Calhoun Circuit.

*Brown & Patterson*, for plaintiff in error.

*T. G. Pray*, for defendant in error.

COOLEY, J:

This was an action of replevin in which the defendant in error was plaintiff. The defendant below relied, among other things, on a settlement which he claimed had been made with the plaintiff, and which was evidenced by a writing. It was claimed on the part of the plaintiff that the writing was obtained by duress. It was also claimed that as the writing was obtained from the plaintiff in the absence of, and without the knowledge of his attorney, it was void as depriving him of his lien for his services. If this were so, it was necessarily conclusive, as the amount in controversy

was so insignificant that the most moderate charge would exceed it. The circuit judge instructed the jury that the plaintiff could not thus settle the case without the consent of his attorney.

This ruling was erroneous. The attorney had no lien whatever on the suit. Most of the other points made in the case require no notice. It is probable the court erred in requiring more proof than was given of the execution of the papers on the alleged settlement, but it is not very clear from the record what view was taken of that proof, and it is perhaps not material, as it is hardly to be supposed the case can be presented in the same form again.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.