W. G. ROBERTS ET AL., Appellants, v. R. S. NELSON,
Respondent.

**St. Louis Court of Appeals, April 20, 1886.**

1. ATTORNEY AND CLIENT—JUDGMENTS.—An attorney can not, without
   special authority, compromise his client's judgment.

2. ——— LIENS.—An attorney has no lien on his client's judgment for
   legal services in obtaining it, and has no right to collect it after his
   authority to do so has been revoked.

3. ——— The satisfaction of a judgment by an attorney who is a co-
   owner thereof, binds his interest, and satisfies the judgment to that
   extent.

APPEAL from the Greene County Circuit Court, W.
F. GEIGER, Judge.

*Reversed and remanded with directions.*

C. W. THRASHER, for the appellants:    The motion
of the plaintiffs filed in this cause in the court below, to
set aside and vacate the wrongful and unauthorized entry
of satisfaction of the judgment on the margin of the record
thereof by the attorney for the plaintiffs, and for an execu-
tion in conformity with said judgment, was the proper pro-
ceeding for the enforcement of said judgment against the
defendant.    *Cohen v. Camp*, 46 Mo. 179 ; Freeman on Ex-
ecutions, sect. 361.    Said judgment not having been paid,
the entry of satisfaction of the same on the margin
thereof, by the attorney of record for the plaintiffs, was
without authority, and void.    *Wheeler v. Givan*, 65 Mo.
89 ; *Walden v. Bolton*, 55 Mo. 405 ; *Spears v. Leder-
gerber*, 56 Mo. 465 ; *Semple v. Atkinson*, 64 Mo. 306 ;
*Deland v. Hiatt*, 27 Cal. 611 ; *Mitchell v. Hackett*, 14
Cal. 661 ; *Codwise v. Field*, 9 Johns. 263.

GOODE & CRAVENS, for the respondent:    Price,

being attorney of record, for the plaintiffs, under an employment for a conditional fee of one-half of whatever might be recovered, had a vested interest in the judgment and all other judgments, and, therefore, equitable owner with the plaintiffs, growing out of said employment, to the extent of said one-half, and, therefore, had a perfect right to enter satisfaction of such judgment for any consideration satisfactory to himself, and such entry should stand unless the same would operate as a fraud upon the plaintiffs. *Wylie, Adm'r, v. Cox*, 15 How. (U. S.) 415; *Coughlin v. Railroad*, 71 N. Y. 443; *Brown v. Bigley* (Tenn.) 7 Cent. Law Journal, 110; *Miller v. Newell*, 20 S. Carolina 122; *Marshall v. Murb et al.*, 57 N. Y. 140. Price's relation to the parties, and the subject-matter in controversy gave him a vested interest in the judgment, and, therefore, a lien upon the same. And whenever an attorney, either by law or by virtue of contract, has a lien upon the judgment, he has the right to satisfy it. *Marshall v. Meech et al.*, 51 N. Y. 140; *Olds v. Tucker*, (Ohio, 1880) 10 C. L. J. 378.

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs, on February 1, 1883, recovered a judgment against the defendant for the possession of certain premises, $234.98 damages, and $15.25 monthly rents and profits, which, upon appeal, was affirmed by the supreme court.

W. C. Price, the plaintiff's attorney, claiming an interest in said judgment, immediately after its affirmance, and before any execution issued thereon, entered into an agreement with the defendant, whereby, in consideration that the defendant would attorn to him, and pay the amount of the judgment at his convenience, said Price agreed to satisfy the judgment.

The defendant thereupon did attorn to Price, paid all the costs that had accrued, and also paid to Price the sum of twenty-five dollars, who thereupon made the following entry on the margin of the judgment record:

"Received in full satisfaction of the judgment the possession of the premises adjudged to be restored, and the damages, and monthly rents and profits, the costs to be paid by the defendant.

"Wm. C. Price,
"Attorney of Record for Plaintiffs."

The plaintiffs, learning of this, filed their motion to vacate this entry of satisfaction, and for an execution for the damages and rents adjudged, and a writ of restitution of the premises. This motion, upon hearing, was overruled by the court, as to the money demand, but sustained in so far as to order a writ of restitution for the land. From this judgment the plaintiffs appeal.

The evidence admitted on the part of the defendant, against the plaintiff's objections, tended to show that Price, as attorney for the plaintiffs, undertook to prosecute this claim, and other claims of the plaintiffs', upon a contingent fee of one-half of the recovery, and that in one of the cases, more than double the amount of the damages recovered in this proceeding had been collected by the plaintiffs, or to the plaintiffs' use, of which amount thus collected Price had received nothing. There never was any settlement between the plaintiffs and Price touching these matters, nor was there any assignment of the judgment in controversy by the plaintiffs to Price. Price never was authorized by the plaintiffs to compromise this judgment, or to extend its payment for any definite time. The testimony concedes that, prior to the agreement between Price and the defendant, as above set out, the plaintiffs notified the defendant not to pay any part of the judgment to Price, as he was not authorized to receive it. The testimony further concedes that the defendant was aware that Price entered into the agreement above set out with him, for the purpose of forcing a settlement with his clients.

That an attorney, as such, has no authority either to compromise a judgment or to extend the time of its payment, without authority from his clients' has been

repeatedly adjudged in this state. *Walden v. Bolton*, 55 Mo. 405; *Spears v. Ledergerber*, 56 Mo. 465; *Semple v. Atkinson*, 64 Mo. 504. That such is the law is conceded by the defendant. The judgment overruling the motion in part, is sought to be supported on the theory that Price had the absolute control of this judgment, not by virtue of being the plaintiff's attorney, but by virtue of his co-ownership of the judgment, which, in view of the state of the accounts between the plaintiffs and himself, made him the equitable owner of the whole recovery.

It is held in some of the states that, independent of any statute, an attorney has a lien for the value of his services upon a judgment recovered by their aid. *Marshal v. Meach*, 51 N. Y. 143; *Miller v. Newall*, 20 S. C. 122. In this state, however, it was decided at an early day that an attorney has no such lien (*Frissell v. Haile*, 18 Mo. 20), and that has been the law of this state ever since. Independent of any right of lien an attorney of record may collect the money due by a judgment recovered, and those dealing with him will not be affected by a revocation of his authority unless they had notice thereof. *Bank v. Hawkins*, 28 Mo. 366. It does not follow from this, however, that he has even this right after notice by the judgment creditor to the judgment debtor, not to pay the money to the attorney. *Acock v. McBroom*, 38 Mo. 344.

In the present case, the attorney's authority to receive the money was determined by notice to the judgment debtor, and whatever authority Price had, after such notice, was not as an attorney, but as equitable co-owner of the judgment.

Now, although there is authority for holding that payment to one of several joint plaintiffs in a judgment will discharge the entire judgment (*Erwin v. Rutherford*, 1 Yerg. 169), yet even that authority concedes that such payment can have no such effect when the judg-

ment debtor has been notified, prior to such payment, by one of the owners, not to pay to his co-owner.

The accounts between Price and the plaintiffs can not be settled in this proceeding. Still, there was no error in admitting testimony tending to show that Price was, by agreement, owner of one-half of this judgment, because, in regard to that one-half, he might make any arrangement with the defendant which he saw fit to make. While his satisfaction of the judgment as attorney of record for the plaintiffs was unauthorized, it was ·binding upon him individually, and to the extent of his interest did satisfy the judgment.

In conformity with our views, as hereinbefore stated, we do order and adjudge that the judgment of the trial court, upon the pending motion, be reversed, and that the cause be remanded to the trial court, with directions to award to the plaintiffs a writ of restitution for the premises, and an execution for the damages and monthly rents recovered by the original judgment. That, upon the execution thus issued, there be endorsed a credit for the costs heretofore paid by the defendant, and a further credit for an amount equal to one-half of the damages and monthly rents, the judgment originally recovered being considerd paid to the extent of costs recovered therein, and to the further extent of one-half of the money demand therein mentioned, and no further. The respondent to pay the costs of this appeal. All the judges concur.