# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## First District—October Term, 1887.

### James and Catherine Dempsey
### v.
### J. C. Bowen.

*Attachment—Fraudulent Conveyances to Hinder and Delay Creditors —Dominion of Owner—Fraudulent Intent—Evidence—Conflict of— Instructions.*

1. The owner of property is not deprived of dominion over it by indebtedness, or even by insolvency. He may exchange, pledge or sell it and apply the proceeds, in his discretion, to his debts, his purchases or maintenance, even though he thereby places it beyond the reach of creditors, unless it is done with the fraudulent intent to hinder and delay creditors.

2. The question of fraudulent intent is always one of fact to be established by extrinsic proof, and fraud is not to be presumed when, under the evidence, the transaction may be fairly reconciled with honesty, nor merely because the attaching creditors have been hindered and delayed in the collection of their debts.

3. In the case presented, it is *held:* That the evidence being conflicting the instructions should have been accurate; and that an instruction, as to what constitutes a fraudulent conveyance, was erroneous.

[Opinion filed November 23, 1887.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

(192)

Mr. John N. Jemison, for appellants.

Messrs. Edwin B. King and F. W. Becker, for appellee.

Moran, P. J.    This was an attachment brought by appellee against appellants on account for goods alleged to have been sold to them on their joint credit.    The ground of attachment stated was that appellants had, within two years, fraudulently conveyed or assigned their effects so as to hinder and delay their creditors.    There was a plea by Catherine Dempsey denying joint liability, and a plea by both defendants traversing the allegations in the attachment affidavit. There was evidence tending to show that a bill of sale of certain horses and wagons was made by appellant, James Dempsey, to one O'Neill, shortly before the levy of the attachment writ, and that when the writ was levied, O'Neill claimed the property under the bill of sale.

It was claimed by appellee, and he introduced some evidence tending to show, that said bill of sale was executed fraudulently and for the purpose and with the intent of hindering and delaying creditors, while appellant, James Dempsey, testified that the sale was *bona fide* and made for the purpose of getting money to pay, in part to appellee on his debt and in part to another creditor who held a prior mortgage on the property.

There being this conflict of evidence on the attachment issue, the court, at the instance of the appellee, gave to the jury the following instruction :

" To convey or dispose of one's property so as to place the same beyond the reach of creditors, is, in law, a fraudulent conveyance or disposition of the property."

This instruction was clearly erroneous, and under the evidence manifestly misleading.    The owner of property is not deprived of dominion over it by indebtedness or even by insolvency.    He may exchange his property for other property, or sell it and apply the proceeds, in discretion, to his debts, his purchases or maintenance.    He has the right to manage, control, mortgage or pledge it, and while such sale or

pledge may place the property beyond the reach of creditors, unless it is done with the fraudulent intent of hindering and delaying creditors, the transaction can not be successfully questioned by them.

When a debtor sells his property to pay a debt, or to purchase the necessaries of life for himself, such disposal of his property will not sustain an attachment for fraudulently disposing of it to hinder and delay creditors.

The fraudulent intent in such case is always a question of fact to be established by extrinsic proof, and fraud is not to be presumed when under the evidence the transaction may be fairly reconciled with honesty.

"The creditor can not resort to a summary seizure of the debtor's property upon *mesne* process from the fact alone that the debtor has, within two years, sold his property, or any part of it, or has secured some other creditor by mortgaging or pledging it, even though the attaching creditor should thereby be hindered or delayed in the collection of his debt." Shove v. Farwell, 9 Ill. App. 256; Estes v. Fry, 22 Mo. App. 30.

No other instruction was given which cured the error in giving the one above set out, and even if another instruction stated the law correctly, in such a case as this, where it is at least doubtful on which side the preponderance of evidence is, we would be compelled to reverse for the giving of an instruction so injurious in its tendency. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*