HATTIE ALEXANDER, Appellant, v. THE GRAND AVENUE RAILWAY COMPANY, Respondent.

### Kansas City Court of Appeals, May 1, 1893.

1. **Practice, Trial**: MOTIONS: REASONS CONSIDERED. Motions addressed to the trial court should be specific; and no reason not specified shall be urged in support of the motion.

2. **Rescission**: TENDER BACK OF CONSIDERATION. The return or offer to return the money paid on the compromise of a suit is a prerequisite to the right to annul the settlement and to sue on the original cause.

3. ———: VOID AND VOIDABLE CONTRACTS: STATUS QUO. Where the contract of settlement is absolutely void, there may in some jurisdictions be no need of a rescission or a restoration of the *status quo ante* in order to sue on the original contract, but in this case the compromise is not void but merely voidable and the tender must be made.

4. ———: ———: GREATER SUM DUE. The rule that one is not bound to restore to the other party what he received under the contract, when the other party is indebted to him in larger amount, has no application in a case like this where a liability is denied.

5. **Attorney and Client**: LIEN ON JUDGMENT: CLAIM. An attorney has no lien on a judgment obtained by him, much less on a claim before it becomes a judgment.

6. **Action**: SURVIVOR OF: ASSIGNMENT: STATUTE. No actions are assignable except those that survive, and an action for personal injury does not survive. Whether section 4426, Revised Statutes, 1889, which allows such action to survive the death of plaintiff, is assignable, ——— *quaere.*

7. ———: ASSIGNMENT OF PORTION OF DEMAND: UNLIQUIDATED. The alleged assignment in this case is at most for only a part of the claim, and a part cannot be assigned without the consent of the debtor, and, if it amount to an equitable assignment, it is invalid since the claim is an unliquidated one.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED

*W. J. Hollis* and *S. E. Cheeseman*, for appellant.

(1) Plaintiff's application to sue as a poor person must be disposed of before a judgment for costs could be rendered against her. Revised Statutes, 1889, sec. 2918, 2919. (2) This written dismissal was obtained by unfair means and is not binding upon plaintiff. *Girard. v. St. Louis Car Wheel Co.*, 46 Mo. App. 74, and authorities therein cited; *Blair v. Railroad*, 89 Mo. 383; *Maher v. Railroad*, 105 Mo. 320; *Bank v. Crandall*, 87 Mo. 208. (3) Rights of attorneys must be respected in settlements of this character when defendant has notice. *Bussman v. Railroad*, 56 Wis. 325; *Watkins v. Brant*, 46 Wis. 419; *Weeks v. Wayne*, 41 N. W. Rep. (Mich.) 269, and authorities therein cited; *Aspinwall v. Sabin*, 34 N. W. Rep. (Neb.) 72; *Rooney v. Railroad*, 18 N. Y. 368; *McGregor v. Comstock*, 28 N. Y. 237; Revised Statutes, 1889, art. 1, ch. 98, sec. 6561.

*Karnes, Holmes & Krauthoff*, for respondent.

(1) She filed a motion to set aside the judgment dismissing the action and based this motion on two grounds and no other: *First*, she was defrauded, and *second*, her attorneys were defrauded. The overruling of this motion is the error complained of in this appeal, and no ground not therein mentioned can be considered by this court. (2) Before plaintiff can thus repudiate the settlement and rescind the compromise, she must return the consideration she received. *Cahn v. Reid*, 18 Mo. App. 115 123; *Downing v. Stone*, 47 Mo. App. 144, 147; *Bibb v. Means*, 61 Mo. 284, 290; *Jeffers v. Forbes*, 28 Kan. 174, 180; *Estes v. Reynolds*, 75 Mo. 563; *Clough v. Holden*, 20 S. W. Rep. 695, 697, and cases cited; *Kinne v. Webb*, 49 Fed. Rep. 512, 513; *Taylor v. Short*, 107 Mo. 384, 392; *Clarke v. Dickson*,

Ellis, Blackburn & Ellis's Reports, 148, 155; *Brown v. Morgan*, 65 Miss. 369, 376; *Gould v. Bank*, 86 N. Y. 75, 79; *Sanborn v. Osgood*, 16 N. H. 112, 114; *McMahon v. Plummer*, 50 N. W. Rep. 480; *Regensburg v. Notestine*, 27 N. E. Rep. 108; 1 Bigelow on Fraud, pp. 75, 77; Bishop on Contracts [2 Ed.] secs. 679, 833; Leak on Contracts, p. 395; 2 Parson on Contracts, 679; Maxwell on Code Pleading, pp. 193, 431; 5 Lawson on Rights & Remedies, sec. 2579; *Brown v. Ins. Co.*, 117 Mass. 479; *Potter v. Ins. Co.*, 63 Me. 440; *Ins. Co. v. McRogers*, 121 Ind. 121; *Railroad v. Hayes*, 83 Ga. 558; *McLean v. Clapp*, 141 U. S. 429, 432; *Ins. Co. v. Howard*, 111 Ind. 544, 547.   (3) An attempt is sometimes made to avoid restoring the consideration received in a compromise, on the theory that a compromise obtained by fraud is void, and, consequently, absolutely void.   But, see *Cahn v. Reid*, 18 Mo. App. 115, 126; *Candy & Cracker Co. v. Ins. Co.*, 41 Mo. App. 530, 544; *Railroad v. Hayes*, 83 Ga. 558; *Mixer's Case*, 4 DeGex & Jones, 575, 586; *Nickel Co. v. Unwin*, 2 Q. B. Div. 214, 223; *Dawes v. Harness*, L. R. 10 C. P. 166, 167; *Urquehart v. MacPherson*, 3 Appeal Cases, 831, 837, 838; *Tennant v. Bank*, 4 Appeal Cases, 615, 620; 1 Beach on Equity Jurisprudence, sec. 82; *Blair v. Railroad*, 89 Mo. 383, 395.   (4) This brings us to a consideration of the last point made by appellant: "Rights of attorneys must be respected in settlements of this character when defendant has notice."   It is worthy of note that appellant has not cited any Missouri cases in support of this point.   The leading case in Missouri, one always followed and never doubted, is *Frissell v. Haile*, 18 Mo. 18; *Lewis v. Kinealy*, 2 Mo. App. 34; *Roberts v. Nelson*, 22 Mo. App. 28, 31; *Nichols v. Pool*, 89 Ill. 491, 494; *Humphreys v. Browning*, 46 Ill. 268; *LaFramboise v. Grow*, 56 Ill. 197, 201; *Hill v. Brinkley*, 10 Ind. 102; *Irwin v. Workman*, 3 Watts, 357, 362; *Walton v.*

*Dickerson*, 7 Pa. St. 367, 378; *Weakley v. Hall*, 13 Ohio, 167, 175; *Ex Parte Kyle*, 1 Cal. 331, 332; *Hogan v. Black*, 66 Cal. 41, 42; *Parker v. Blighton*, 32 Mich. 266, 267; *Waters v. Waters*, 49 Mo. 385, 388; *Ins. Co. v. Rider*, 22 Pick. 210, 211; *Currier v. Railroad*, 37 N. H. 223, 227; *Phillips v. Stagg*, 2 Edw. Ch. (N. Y.) 108, 109; *Newbert v. Cunningham*, 50 Me. 231, 236; *Cozzens v. Whitney*, 3 R. I. 79, 82; *Humphrey v. Browning*, 46 Ill. 476, 486; *Sanders v. Anchor Line*, 97 Mo. 26, 30; *Venable v. Railroad*, 20 S. W. Rep. (Mo.) 493, 499; *Pulver v. Harris*, 52 N. Y. 73, 76. (5) A plaintiff has the right to settle an action for personal injuries without the consent and even against the protest of his attorneys. *Coughlin v. Railroad*, 71 N. Y. 443; *Averill v. Longfellow*, 66 Me. 237; *Wood v. Anders*, 5 Bush, 601, 602; *Swanston v. Mining Co.*, 13 Fed. Rep. 215; *Lamont v. Railroad*, 2 Mackey, 502; s. c., 47 Am. Rep. 268; *Miller v. Newell*, 20 S. C. 122; *Pulver v. Harris*, 52 N. Y. 73, 76; *Hutchinson v. Pettes*, 18 Vt. 614, 618; *Henchey v. Chicago*, 41 Ill. 136, 141; *Kusterer v. City of Beaver Dam*, 56 Wis. 471, 475; *Abbott v. Abbott*, 18 Neb. 503, 505. (6) The test of the assignability of a cause of action is: Does the action survive? *Snider v. Railroad*, 86 Mo. 613, 616; *Davis v. Morgan*, 97 Mo. 79; *Foot v. Tewksbury*, 2 Vt. 97, 100; *Hutchinson v. Pettes*, 18 Vt. 614, 618; *Henchey v. Chicago*, 41 Ill. 136, 141; *Coughlin v. Railroad*, 71 N. Y. 443, 450; *Pulver v. Harris*, 52 N. Y. 73, 78; *Platt v. Jerome*, 19 How. 384, 385; 1 Jones on Liens, sec. 141; *Casey v. March*, 30 Tex. 180, 185; *Potter v. Mayo*, 3 Me. 34, 36; *Ellwood v. Wilson*, 21 Iowa, 523, 527.

ELLISON, J.—The plaintiff sued defendant for $2,500 on account of personal injuries received while a passenger in one of its cable street cars. She made application to sue as a poor person. Afterwards she

settled her claim with defendant by accepting $125 in discharge thereof and gave to defendant a written order of dismissal of the suit. This order was presented in court and the cause in compliance therewith was dismissed, a judgment being entered discharging defendant without day and for costs against plaintiff. Plaintiff afterwards, during same term, came into court by her attorneys (the same who brought the action originally) and filed her written motion to set aside the order and judgment rendered as aforesaid. There were only two grounds stated in the motion and these were that the order of dismissal was obtained from her by the fraud and deceit of defendant's agents, and in violation of the rights of her attorneys who instituted the action for her.

I. It is now insisted that the court erred in entering judgment for costs against plaintiff in dismissing her suit without first having passed upon her application to sue as a poor person. It is enough to say of this objection that it is not one of the reasons stated in the motion, and will, therefore, not be considered. Motions addressed to the trial court should be specific; and no reason not "specified shall be urged in support of the motion." Revised Statutes, 1889, sec. 2085.

II. We are relieved of the necessity of passing upon any question of fraud alleged to have been practiced upon plaintiff from the following consideration: It is conceded that in the settlement she received from defendant the sum of $125 in money as a consideration for the settlement. She has not returned or offered to return this sum. Such return or offer to return is a prerequisite to her right to annul the contract of settlement and to sue upon the original cause. This principle was fully discussed in *Cahn v. Reid*, 18 Mo. App. 115, and has found frequent expression in a variety of cases in both the courts of appeals and the supreme

court of the state. *Jarrett v. Morton*, 44 Mo. 245; *Estes v. Reynolds*, 75 Mo. 563; *Clough v. Holden* (not yet reported); also *McLean v. Clapp*, 141 U. S. 429.

But it is frequently said that a contract absolutely void need not be rescinded, as there is nothing to rescind. And in such cases it is frequently held that there need be no offer to restore the *status quo* in order to sue on the original cause of action. This is the natural result, perhaps, in those jurisdictions which hold such contracts absolutely void. Such was the case of *Railroad v. Lewis*, 109 Ill. 120. The contract of settlement of personal injury in that case was said to have been executed when the party was wholly incapacitated by pain resulting from the injury. In the case at bar there can be no question that the contract of settlement was merely voidable at the election of plaintiff, and not void. She executed it and can elect to stand by it or disaffirm it. If the latter, she must restore what she received under it. This phase of the case was fully discussed in *Cahn v. Reid, supra.* See also the recent case of *Taylor v. Short*, 107 Mo. 384.

But it is said that one is not bound to restore to the other party to the contract what he has received under it when the other party is indebted to him in a larger amount; that in such case the sum compromised upon is at least due and need not be returned. This rule can, however, have no application in a case where *all* liability is denied as is the case before us. The question has been directly passed upon in cases of the character we have here. *Girard v. Car Wheel Co.*, 46 Mo. App. 116; *Railroad v. Hayes*, 83 Ga. 558; *Home Ins. Co. v. Howard*, 111 Ind. 544; *Gould v. Cayuga Nat. Bank*, 86 N. Y. 75.

III. The remaining reason specified in the motion is that the settlement was in violation of the rights of plaintiff's attorneys, of which defendant had notice.

The rights of the attorneys and other notice thereof here referred to arose on the following papers:

"Know all men by these presents that I, Hattie Alexander, have made, constituted and appointed, and do by all these presents hereby make, constitute and appoint W. J. Hollis and S. E. Cheeseman my true and lawful attorneys, sole and absolute, with all the powers, privileges and authority incident thereto, to prosecute, negotiate, settle or compromise for me and in my name, place and stead a certain claim for personal damages, viz: Being thrown from a car at Flora avenue and Fifteenth streets, on the Grand Avenue Railway Company road, July 31, 1892, by the carelessness of the servants of said company; that I do grant and give exclusive power to my said attorneys to institute and prosecute such suits and actions and accept such terms, amounts and conditions in compromise or settlement as in his judgment is best, right and proper in defense of my rights in these premises. That I do furthermore hereby give and grant to my said attorneys full and sole power and authority to do and perform all and every act and thing whatsoever requisite to be done in and about the premises as fully and to intent and purposes as I might or could do if personally present at the doing thereof, to receive and receipt for all and any money or property received or recovered on account of or by these premises. That for said services of said attorney one half of whatever judgment, compromise or settlement may ultimately be effected shall be retained by my said attorney in full and complete settlement for their services in these premises." (Duly signed).

"To the Grand Avenue Railway Company: Take notice:

"That Hattie Alexander has employed the undersigned as attorneys to prosecute a suit against you for

damages for injuries claimed to have been sustained by her on the thirty-first day of July, 1892, at Kansas City, Missouri, by reason of the negligence of your servants in starting a car, in which she was a passenger, before she could alight. That said attorneys, for their services in said cause, have taken an interest in whatever judgment or compromise may be obtained. That said attorneys have the exclusive power to make any compromise they deem best for their client and themselves in the premises." (Duly signed).

The claim to which these papers refer must have for its foundation either a lien in favor of the attorneys or an assignment of a part of the claim. That an attorney has no lien for his services, on a judgment obtained by him was long since determined in this state. *Frissell v. Haile*, 18 Mo. 18; *Roberts v. Nelson*, 22 Mo. App. 28. And it could scarcely be pretended that an attorney, merely as such, would have a lien on the claim before it became a judgment in the absence of a statute conferring such a lien, as the attorney can have no lien on the suit. *Parker v. Blighton*, 32 Mich. 266; *Coughlin v. Railroad*, 72 N. Y. 448; *Henchey v. Chicago*, 41 Ill. 136. Though there seems to have been a rule or practice adopted arbitrarily by some of the courts enforcing such liens. The court said in the foregoing case from New York, that "the courts invented this practice and assumed this extraordinary power to defeat attempts to cheat the attorneys out of their costs." But, as stated in that case and in the case cited from 18 Mo., attorneys' fees in those jurisdictions were "fixed sums, easily determined by taxation," and this power was exercised to secure them their fees.

But there is a suggestion of assignment of the cause of action. This is met by the statement that no actions are assignable save those which may survive (*Snider v. Railroad*, 86 Mo. 613), and that this action is

not such as would survive. *Davis v. Morgan*, 97 Mo. 79. The former case does make the right of survival a test of assignability, but the latter case holds that an action for personal injuries does not survive the death of the *defendant*. The statute, however (Revised Statutes, 1889, sec. 4426), allows such actions to survive the death of the *plaintiff*. Since it is not necessary to say whether such a right of survivorship would make the cause of action assignable we will not do so. The point here suggested may be disposed of without that. The paper executed by plaintiff to her attorneys does not purport to be an assignment for value of the claim itself; and at most can only be looked upon as assignment of a part thereof, that is, that part which the attorneys should retain as fees if a recovery was had. This phase of the matter is quickly determined against plaintiffs and the attorneys from the fact that with us there can be no assignment of a part of a claim (though it was a definite and fixed claim or sum) without the consent of the debtor.

But if it be suggested that the agreement between plaintiff and her attorneys amounted to an *equitable* assignment of a portion of the claim such suggestion is met by the fact that this claim is an unliquidated one; from its nature *indefinite* and *indeterminable* except by the agreement of the parties or the verdict of a jury. More than this, *all liability is denied* by the defendant. "The debt or fund as to which such an equitable assignment can be made must be some recognized or definite fund or debt in the hands of a person who admits the obligation to pay the assignor; or at least it must be some liquidated demand capable of being enforced in a court of justice. We apprehend that the doctrine has never been held that a claim of no fixed amount nor time or mode of payment—a claim which has never received the assent of the person against

whom it is asserted, and which remains to be settled by negotiation or suit at law, can be so assigned as to give the assignee an equitable right to prevent the original parties from compromising or adjusting the claim on any terms that may suit them." *Kendall v. United States*, 7 Wall. 113; *Burnett v. Crandall*, 63 Mo. 410, 416.

It follows that the circuit court was right in overruling the motion to reinstate the cause, and its action will be affirmed. All concur.