## CORBIN v. GOEPPER et al.

HUTCHESON, Justice. 1. The direction of a plaintiff's counsel, by letter to the clerk of the court in which the cause is pending, authorizing the clerk to dismiss the case upon the happening of a certain contingency, or upon a certain condition, is binding upon the plaintiff, though he did not know of such dismissal, and consequently did not authorize it; provided the dismissal is not such that it amounts to a retraxit. Especially is this true where it is acted upon by the defendants. Code, § 9-605; *Stone Mountain Confederate Monumental Asso.* v. *Smith*, 170 *Ga.* 515 (153 S. E. 209); *Lovelace* v. *Lovelace*, 179 *Ga.* 822 (177 S. E. 685); note to *Clark* v. *Randall*, 76 Am. D. 258.

2. If the condition or contingency upon which the dismissal is predicated is the payment of costs by the defendants, such fact, nothing else appearing, is not a renunciation of the plaintiff's cause of action, and does not amount to a retraxit. *Haldemen* v. *United States*, 91 U. S. 584 (23 L. ed. 433), quoted approvingly in *Jacobs* v. *Marks*, 182 U. S. 583, 591 (21 Sup. Ct. 865, 45 L. ed. 1241). "A retraxit is the open, public, and voluntary renunciation by the plaintiff, in open court, of his suit or cause of action; and if this shall be done by the plaintiff, and a judgment entered thereon by the defendant, the plaintiff's right of action shall be forever gone." Code, §§ 3-507, 3-508.

3. The rights of defendants in a cause are not affected by the plaintiff's undisclosed discharge of his attorney; and so long as he permits the attorney to remain his attorney of record, he is bound, as against the defendants' ignorance, without fault on their part, of the attorney's discharge, by any acts that by virtue of his retainer the attorney was authorized to do. *Rooke* v. *Day*, 46 *Ga. App.* 379 (167 S. E. 762); *Beliveau* v. *Amoskeag Mfg. Co.*, 68 N. H. 225 (40 Atl. 734, 44 L. R. A. 167, 73 Am. St. R. 577); *Wells* v. *Hatch*, 43 N. H. 246; *Acock* v. *McBroom*, 38 Mo. 342. The same rule applies if the attorney himself withdraws from the case. *Tripp* v. *Santa Rosa St. R. Co.*, 144 U. S. 126, 128 (12 Sup. Ct. 655, 36 L. ed. 371); *Rio Grande Irr. &c. Co.* v. *Gildersleeve*, 174 U. S. 603 (19 Sup. Ct. 761, 43 L. ed. 1103).

4. Where one retains an attorney at law to represent him in bringing and prosecuting an action against certain defendants, and the attorney appears as attorney of record in such action, and where, about a year after the services of the attorney have been discontinued, but while still appearing as attorney of record, the attorney by letter authorizes or directs the clerk of the court in which the action is pending to dismiss the case upon payment of costs by the defendants therein, and the case is dismissed pursuant to said letter, the plaintiff in the case, in the absence of any fraud or any showing that the court, the clerk, or the opposite parties or their attorneys were cognizant of his attorney's discharge or withdrawal, is, under the above rulings, bound by the act of the attorney in dismissing the case, and can not thereafter have his case reinstated on the ground that the dismissal was unauthorized.

5. The present case is before this court by a bill of exceptions assigning error on a ruling of the judge sustaining a motion to dismiss a motion to reinstate a case in the trial court. The motion to reinstate, con-

strued most strongly against the pleader, alleges substantially the facts and circumstances set out in the rulings stated above. Therefore the court did not err in the ruling complained of.

6. Whether the plaintiff may in a separate suit, upon proof of the facts alleged in his motion to reinstate, recover damages against his attorney for the alleged unauthorized dismissal of his case, is not a question now before the court for decision.

*Judgment affirmed. All the Justices concur.*

No. 11834. JUNE 21, 1937.

*Ezra E. Phillips,* for plaintiff.

*E. Harold Sheats, Carter, Carter & Johnson,* and *Ralph R. Quillian,* for defendants.