## 52460. WILSON v. N. E. ISAACSON OF GEORGIA, INC.

MARSHALL, Judge.

Appellant filed a complaint against his employer, N. E. Isaacson of Georgia, Inc., appellee herein, for damages arising from a personal injury on the job and for salary which he alleges was wrongfully withheld for income taxes. However, following discovery and pleadings, the record shows that an order dismissing the action was signed by a Fulton County Superior Court judge and consented to by attorneys for both sides. Appellant went to another Fulton County Superior Court judge seeking to set aside the dismissal of the case on the ground that, even though his attorney agreed to dismiss the action, he, as a party, had not consented thereto. Following a hearing the trial judge ruled that to set aside the dismissal would be inconsistent with practice and the law. From these orders appellant, pro se, appeals. *Held:*

The agreement by and consent of counsel of record to dismiss a pending case is binding upon his client even

though the client may not have known of his attorney's consent or agreement and did not assent thereto. Ga. L. 1957, p. 495 (Code Ann. § 9-605). "Where one retains an attorney at law to represent him in bringing and prosecuting an action against certain defendants, and the attorney appears as attorney of record in such action, and . . . the attorney by letter authorizes or directs the clerk of the court in which the action is pending to dismiss the case upon payment of costs by the defendants therein, and the case is dismissed pursuant to said letter, the plaintiff in the case, in the absence of any fraud . . . is . . . bound by the act of the attorney in dismissing the case, and can not thereafter have his case reinstated on the ground that the dismissal was unauthorized." *Corbin v. Goepper,* 184 Ga. 559 (4) (192 SE 24). See *Petty v. Complete Auto Transit, Inc.,* 215 Ga. 66 (1) (108 SE2d 697); *Dixon v. Dixon,* 204 Ga. 363 (49 SE2d 818); *Stone Mtn. Confederate Monumental Assn. v. Smith,* 170 Ga. 515 (153 SE 209). There is no evidence in the record of this case of any fraud, collusion, accident, mistake, or violation of express direction. See *Smith v. Emory University,* 137 Ga. App. 785 (225 SE2d 63) and cits.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED JULY 7, 1976 — DECIDED SEPTEMBER 16, 1976.

Lansing R. Wilson, *pro se.*
*King & Spalding, Joseph B. Haynes, H. Lamar Mixson,* for appellee.