## 35203. DAVIS v. DAVIS.

Nichols, Chief Justice.

Jessie Emogene Davis appeals an order effectuating a settlement agreement, a trust agreement and a deed to secure debt which she refused to sign because she contends that her attorney was without authority to agree to her brother, Ray, being trustee for their incompetent sister and guardian for their mother.

Upon call of the case for trial on February 13, 1978, Jessie and Ray, the opposing parties in the case, announced in open court by and through their respective counsel of record that the case had been settled. They asked that the case be removed from the trial calendar and announced that settlement documents would be presented to the court at a later date. Ray's attorney then wrote Jessie's attorney a letter dated February 16, 1978, to "confirm our agreement to settle the captioned case along roughly the following basis: 1. The trust will be set up with J. Ray Davis as Trustee for the benefit, maintenance and support of their sister, Mary, . . . 2. J. Ray Davis will continue to act as legal guardian for the mother, and Emogene will be the guardian of the person of the mother." Other terms of the agreement not here pertinent were set forth in the letter. The letter ends: "We, of course, must draw up the necessary legal documents to effectuate this agreement, but I wanted to have something in writing in the event something happened to either of us that the case *was settled* on this basis." (Emphasis supplied.) In response to the letter, Jessie's attorney prepared and forwarded to Ray's attorney unsigned forms of a trust agreement, a settlement agreement and a deed to secure

debt as security for performance of Jessie's obligations. Ray and his attorney executed the agreements and returned them with the deed form to Jessie's attorney, but Jessie refused to sign any of them because her brother, Ray, was named therein as trustee for their sister, Mary, and guardian for their mother.

Ray filed a motion for summary judgment to compel settlement pursuant to the agreement reached by counsel, announced open court, and memorialized by the exchange of a letter and documents between counsel. Ray's counsel's affidavit in support of the motion recites that the case was settled on February 13, 1978; that this settlement was confirmed by his letter on February 16, 1978, to Jessie's counsel; that Jessie's counsel agreed to prepare, and did prepare and forward to him, the necessary instruments; that he and Ray reviewed the documents, signed them and returned them to counsel for Jessie but that Jessie continues to refuse to sign them. Counsel for Jessie filed an affidavit in opposition reciting that he had made extensive efforts to settle this litigation; that he negotiated in the utmost good faith and with what he believed to be authority from his client to negotiate but that "there was a total failure of communication and understanding between Affiant and his client with respect to the parameters of Affiant's authority to negotiate a settlement on Defendant's behalf " and that "the purported settlement . . . was within what he understood to be the reins of authority which he had to negotiate." Jessie's affidavit in opposition to the motion recites that she "discussed settlement parameters with her counsel in this matter, certain aspects of which involve the creation of a Trust for the benefit of Mary Elizabeth Davis McCoy"; that she "misunderstood some of the terms and conditions of the aforedescribed Trust Agreement, including, but not limited to, who the actual Trustee would be"; and that she "did not then, nor does she now, agree to have J. Ray Davis serve as Trustee or as Legal Guardian of her mother or Trustee of Mary Elizabeth Davis McCoy."

1. Jessie does not deny the authority of her attorney to settle the case; rather, she disputes his authority to settle under the conditions that her brother Ray would be

trustee for their sister and guardian for their mother. This is not a case of an attempt to establish by parol evidence the terms of an oral settlement, allegedly entered into by counsel. See *General Communications Service, Inc. v. Ga. Public Service Comm.,* 244 Ga. 855 (1979). Here, the agreement was expressed in writings by and between counsel for the parties. "Attorneys have authority to bind their clients in any action or proceeding, by any agreement in relation to the cause, made in writing . . ." Code Ann. § 9-605. Accordingly, Jessie's contention that the settlement is invalid under Code Ann. § 24-3339 because she, herself, did not sign anything is without merit. Also without merit is her assertion that the settlement was not to be effective until after all the documents were signed by her. See *Clarke Bros. v. McNatt,* 132 Ga. 610 (1)(a) (64 SE 795) (1909). The affidavit of Ray's counsel establishes the fact that the case "was settled" in open court and that this settlement was memorialized by exchange of a letter and documents between counsel. Jessie's affidavit and those of her counsel do not dispute those facts. Rather, they relate to their misunderstanding in regard to Ray's being trustee and guardian. The settlement, therefore, was not contingent upon the signing of the documents by Jessie. Rather, it occurred in open court and the fact of its existence was established in writing prior to the preparation of the documents. No error is shown in this regard. *Kidd v. Huff,* 105 Ga. 209 (2) (31 SE 430) (1898).

2. Neither is Jessie entitled to relief from the judgment effectuating settlement because after discussing the settlement with her attorney she misunderstood that Ray would be trustee of her sister and guardian of her mother. "An attorney of record is a party's agent in the prosecution of a legal action. The attorney's authority is determined by the terms of his contract of employment and the instructions given by his client. In the absence of express restrictions upon the attorney's authority it may be termed plenary insofar as the court and the opposing parties are concerned. This term has been applied in relation to the attorney's implicit or apparent authority. [Cits.] An act of an agent within the scope of his apparent authority binds the principal."

*Shepherd v. Carlton's Nice Cars, Inc.* 149 Ga. App. 749, 750
(1) (256 SE2d 113) (1979). Jessie's affidavit does not
establish that any express restrictions were placed upon
her attorney's right to settle relating to the person who
would be trustee and guardian. Rather, she merely
contends that she "misunderstood" these terms of the
agreement. The trial court did not err in enforcing the
settlement according to its terms. *Wilson v. N. E. Isaacson
of Ga., Inc.* 139 Ga. App. 582 (229 SE2d 29) (1976);
*Shepherd v. Carlton's Nice Cars, Inc.,* supra.

3. "Findings of facts and conclusions of law are
unnecessary on decisions of motions under section . . .
81A-156 . . ." Code Ann. § 81A-152 (a). Accordingly, Jessie's
contention that the trial court erred in failing to make
findings of facts and conclusions of law in support of the
motion for summary judgment is without merit.

4. The remaining enumerations of error are not
meritorious.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1979 — DECIDED JANUARY 24, 1980 —
REHEARING DENIED FEBRUARY 19, 1980.

*Schwall & Heuett, Robert J. Kaufman, Emory A.
Schwall,* for appellant.
*Hicks & Scroggins, John H. Hicks,* for appellee.

