## 60854. LENNON v. AECK ASSOCIATES, INC.

BIRDSONG, Judge.

This case involves a grant of summary judgment for the plaintiff-appellee Aeck Associates, Inc. based on a settlement agreement arising out of a contract for architectural services with the defendant-appellant R. W. Lennon. We affirm.

1. The appellant first alleges "the Court erred in granting the Appellee's motion for partial summary judgment as to count four of Appellee's complaint in that there was a question of fact to be submitted to the trier of fact."

The evidence establishes that appellee's attorney made an offer of settlement to appellant's attorney and that appellant's attorney accepted the offer as evidenced by confirming letters written by both attorneys.

"Attorneys have authority to bind their clients in any action or proceeding, by any agreement in relation to the cause, made in writing. . ." Code Ann. § 9-605.

The issue of fact appellant alleges remains unresolved is whether there was in fact an agreement. That there was a settlement agreement is clear. The terms are clear and the agreement by both attorneys is clear. Appellant argues there was a condition precedent contained in appellee's attorney's letter and the interest rate was not specified. The legislature has addressed both of these questions. Construction of a contract is a question of law for the court, Code Ann. § 20-701. Interest shall be at the rate of 7% if no rate is specified in the contract. Code Ann. § 57-101. The trial court did not err in granting summary judgment and enforcing the settlement agreement according to its terms. *Davis v. Davis*, 245 Ga. 233 (264 SE2d 177); *Wilson v. N. E. Isaacson of Ga.*, 139 Ga. App. 582 (229 SE2d 29).

2. Neither did the trial court err in dismissing appellant's counterclaim as a corollary to the grant of appellee's motion for partial summary judgment as to Count 4 of appellee's complaint.

The claim and the counterclaim arose from the same matter, a dispute over a single contract between the parties. The attorney settlement referred to settling "the case," not "the plaintiff's claim." Both the claim and counterclaim were contemplated in the settlement.

3. The conclusions reached in Division 1 render appellant's allegation that the court erred in not submitting to a jury the question of whether or not an agreement was in fact reached between the attorney for the appellee and appellant without merit.

4. Appellant's final enumeration claims the court erred in not submitting to a jury the question of whether appellant's attorney had

express authority to settle appellant's case.

Any restriction as to the authority of appellant's attorney not communicated to or known by appellee or his counsel has no effect on the enforceability of the settlement agreement. The legislature has provided and the courts of Georgia have held that an attorney should be able to rely upon the authority of the other attorney of record. The legislative provision is at Code Ann. § 9-605, supra. The courts' position is reflected in *Davis v. Davis,* supra and Glazer v. Bradford, 616 F2d 167 (5th Cir. 1980). Appellant's final enumeration has no merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 30, 1981.

*Charles J. Vrono,* for appellant.
*Mary E. Mitchell Yates,* for appellee.