A91A0402. GOSS v. CONE et al.
(407 SE2d 484)

BANKE, Presiding Judge.

Appellee Cone was injured when his automobile was struck by an automobile being driven by appellant Goss after the latter failed to stop at a stop sign. Settlement negotiations ensued between Cone's attorney and Goss' insurer, Superior Insurance Company; and although Cone's damages exceeded the $15,000 in liability coverage provided by Goss' policy, his attorney verbally agreed to accept the policy limits in full settlement of his claim. On December 21, 1988, approximately one week after this verbal agreement was reached, Superior Insurance sent Cone's attorney a draft for $15,000 accompanied by a release. At about the same time, however, Cone's attorney began negotiating with Cone's insurance carrier, Southern Trust Insurance Company, to recover underinsured motorist benefits, and he decided not to cash Superior's draft or to execute the accompanying release until that claim was resolved. Because Cone's insurance carrier, Southern Trust, was unwilling to waive its subrogation rights against Goss and because Goss' insurer, Superior, insisted that Cone execute a complete release of all claims against Goss as a condition of its settlement offer, Cone ultimately filed the present personal injury action against Goss in May of 1989, naming the Georgia Department of Transportation as a co-defendant in the action based on allegations that it had been negligent in designing the roadway where the collision occurred. In his answer, Goss asserted the defense of accord and satisfaction based on the oral settlement agreement previously reached between his insurer and Cone's attorney.

In August of 1989, Cone settled his claim against his own insurer for the underinsured motorist benefits, and in connection with that settlement he executed a release pursuant to which his insurer reserved a subrogation claim against Goss. Cone's attorney advised Goss' insurer, Superior, of that settlement by letter dated August 23, 1989. He enclosed with that letter the $15,000 settlement draft previously sent to him by Superior, which had by that time become

"stale," and asked for a replacement draft, stating that he was extending his settlement offer two more weeks. Five months later, Superior filed an interpleader action seeking an adjudication of its obligations with respect to the insurance money; and Cone counterclaimed in that action to recover the funds, plus interest and attorney fees. Approximately six months after that, Superior filed a motion on Goss' behalf in the personal injury action seeking to enforce the settlement agreement. The trial court denied this motion based on a determination that Superior's five-month delay in responding to Cone's extended offer was unreasonable and inexcusable, rendering the settlement null and void. In this same order, the court also dismissed the interpleader action. However, inasmuch as the case is before us on interlocutory appeal from the denial of Goss' motion to enforce the settlement agreement, which motion was filed in the personal injury action, that portion of the order dealing with the interpleader action is not before use. *Held:*

"Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2) (308 SE2d 544) (1983). See also OCGA § 15-19-5; Uniform Superior Court Rule 4.12. In his answer and counterclaim to the interpleader action, Cone admitted that "[a]n oral agreement to settle was reached by all respective parties and the release and draft were forwarded to [him] by [Superior]." Cf. *LeCroy v. Massey*, 185 Ga. App. 828 (366 SE2d 215) (1988). He contends that Superior breached that agreement in August of 1989 by failing to comply with his request for a replacement draft. However, by issuing the original draft Superior had already fully complied with its obligations under the agreement. See generally *General Communications Svc. v. Ga. Public Svc. Comm.*, 149 Ga. App. 466 (254 SE2d 710) (1979). As the evidence of record establishes without dispute that it was Cone rather than Superior who violated the agreement by failing to execute the accompanying release and to negotiate the draft according to its terms, we hold that the trial court erred in denying the appellant's motion to enforce the settlement agreement. See generally *Davis v. Davis*, 245 Ga. 233 (264 SE2d 177) (1980); *Potomac Leasing Co. v. First Nat. Bank*, 180 Ga. App. 255 (348 SE2d 907) (1986); *Shepherd v. Carlton's Nice Cars*, 149 Ga. App. 749 (256 SE2d 113) (1979).

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED JULY 1, 1991.

*Simpson & Gray, Ralph F. Simpson, Joseph I. Carter*, for appellant.

*Morris & Webster, Craig A. Webster*, for appellees.