A91A0804. CRYSTAL CUBES OF STONE MOUNTAIN, INC.
et al. v. KUTZ.
(411 SE2d 53)

BANKE, Presiding Judge.

The appellee sued the appellants, Crystal Cubes of Stone Mountain, Inc., and James Nations, seeking to enforce a settlement agreement. The appellants bring this appeal from the grant of the appellee's motion for summary judgment.

The salient facts are not in dispute. On February 24, 1989, the parties entered into an agreement whereby the appellee purchased the assets of the appellants' business. The agreement was executed by appellant Nations both individually and as authorized agent for Crystal Cubes of Stone Mountain, Inc. On March 30, 1989, the appellee, through his attorney, notified the appellants by letter of his intent to rescind the contract on the ground that it had been procured by fraud. Pursuant to this demand, he tendered all benefits he had obtained under the contract and demanded the return of all monies he had paid to the appellants, along with the cancellation of a promissory note and related security agreement he had executed in connection with the sale. The letter specified that the appellee would be present in his attorney's office on April 10, 1989, to receive the funds and promissory note, and that in the event the appellants failed to appear, the tender would be deemed by him to be rejected, resulting in further legal action. On the designated meeting date, the appellants' attorney advised the appellee's attorney via a fax machine transmittal, which was subsequently confirmed by the original letter, that the appellants would "accept the offer tendered in your letter" and would deliver the requested funds, promissory note, and security agreement to the office of the appellee's counsel on the following day. The letter concluded by stating: "If this arrangement is satisfactory with your office, we will send a mutual release and rescission to be executed by your client and returned to this office." The appellee contends that this constituted a binding and enforceable acceptance of his settlement offer. *Held*:

1. There is no question that the appellee's letter of March 30, 1989, was accompanied by a tender of the benefits he had obtained under the contract and otherwise constituted a valid offer to rescind the sale. The appellants contend, however, that their written response on April 10 was not an acceptance of this offer but merely a counter-offer, due to certain variations in the terms relating to the date and place of the proposed delivery of the items requested from them. We

disagree. A counteroffer results "[w]here one party makes an offer and the other party purports to accept that offer, but with *material changes in the terms. . . .*" (Emphasis supplied.) *State of Ga. v. U. S. Oil Co.*, 194 Ga. App. 1, 2 (389 SE2d 498) (1989). The appellants unequivocally agreed in their letter of April 10 to "accept the offer tendered" by the appellee in his letter of March 30. The trial court correctly concluded under the circumstances that the appellants' proposal to return the requested funds, promissory note, and security deed one day later than originally proposed did not constitute a material change in the terms of the offer. Compare *Duval & Co. v. Malcom*, 233 Ga. 784 (214 SE2d 356) (1975); *Frey v. Friendly Motors*, 129 Ga. App. 636 (200 SE2d 467) (1973).

2. The appellants contend that the trial court erred in refusing to strike certain portions of two affidavits submitted by the appellee in support of his motion for summary judgment. The first of these affidavits was executed by an attorney who had represented the appellants during the period when the rescission letters were exchanged and who had signed the April 10 acceptance letter submitted on their behalf, but who had apparently withdrawn as their counsel after they notified him that they did not intend to comply with the terms of the settlement. The motion to strike was based on the appellants' contention that certain statements contained in this affidavit were inadmissible under OCGA § 24-9-25, which specifies that "[n]o attorney shall be competent or compellable to testify for or against his client to any matter or thing, the knowledge of which he may have acquired from his client by virtue of his employment as attorney or by reason of the anticipated employment of him as attorney." However, " 'only communications which are confidential are protected as privileged[. T]hose which the attorney in the discharge of his duty. to his client is of necessity obliged to make public, or those which are made to him for that purpose, cannot be said to be confidential, and are therefore not privileged.' " *Fowler v. Sheridan*, 157 Ga. 271, 273 (121 SE 308) (1923). Thus, a communication made to an attorney "with the intention of having this communication imparted to the opposite party, cannot be considered a confidential communication between client and attorney." Id. at 274.

The portions of their former attorney's affidavit which the appellants challenge relate to information which they clearly intended for him to communicate to the appellee's counsel, specifically, that he (appellants' counsel) had received authorization from them to settle the dispute on the terms outlined in the appellee's March 30 letter. It follows that the statements in question were not inadmissible pursuant to OCGA § 24-9-25. We further reject the appellants' contention that this affidavit was inadmissible on hearsay grounds or on the ground that it contained merely conclusory allegations without re-

vealing the factual basis for them. Compare *Parlato v. MARTA*, 165 Ga. App. 758 (1) (302 SE2d 613) (1983).

The second of the affidavits objected to by the appellants was submitted by the appellee's counsel. Inasmuch as the portions objected to related only to the fact that the rescission agreement had never been consummated, we similarly find no error in the trial court's refusal to strike this affidavit.

3. "Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2) (308 SE2d 544) (1983). See also *Goss v. Cone*, 200 Ga. App. 259 (407 SE2d 484) (1991); OCGA § 15-20-5; Uniform Superior Court Rule 4.12. "The evidence [in the present case] establishes that appellee's attorney made an offer of settlement to appellant[s'] attorney and that appellant[s'] attorney accepted the offer as evidenced by confirming letters written by both attorneys." *Lennon v. Aeck Assoc.*, 157 Ga. App. 294 (277 SE2d 289) (1981). It follows that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 30, 1991.

*Harry A. Osborne*, for appellants.
*Charles W. Chesbro*, for appellee.
Dean Kutz, *pro se.*