### 16670.   SOUTHERN SAW MILL COMPANY *v.* HERZFIELD.

JENKINS, P. J.  In a former decision by this court in this case it was held
that the petition set forth an absolute refusal by the defendant to accept
the goods contracted for, and was not subject to general demurrer.  See
*Herzfield* v. *Southern Saw Mill Co.,* 31 *Ga. App.* 323, 327 (120 S. E.
666), in which there is a statement as to the pleadings.  On the trial
the plaintiff struck the first count of the petition and relied solely upon
the second count, which set forth that after being notified by the de-
fendant that it would not accept the goods, which had already been
manufactured and were ready for delivery, the plaintiff reclaimed them
for his own use, and was entitled to the difference between the contract
price and the market price at the time and place for delivery.  *Held:*
1. "A party to an executory contract may always stop performance on the
other side by an explicit direction to that effect, though he thereby
subjects himself to the payment of such damages as will compensate the
other for the loss he has sustained by reason of having his performance
checked at that stage in its progress."  Mechem on Sales of Personal
Property, quoted in *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140, 144
(42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112).  "If one bound to
perform a future act, before the time for doing it declares his intention
not to do it, this is no breach of his contract; but if his declaration be
not withdrawn when the time comes for the act to be done, it constitutes

---

Contracts, 13 C. J. p. 656, n. 82; p. 657, n. 90.
Sales, 35 Cyc. p. 171, n. 42; p. 584, n. 58; p. 592, n. 53.

a sufficient excuse for the default of the other party." Parsons on the Law of Contracts, quoted in *Oklahoma Vinegar Co. v. Carter*, supra. See also *Ansley v. Hightower*, 120 *Ga.* 719 (4) (48 S. E. 197), and cases there cited; *German American Ins. Co. v. Davidson*, 67 *Ga.* 11; 23 R. C. L. 1408, § 234. Thus,.while it appears to be ·the rule that an unqualified notice to the seller by the purchaser that he will refuse to accept the goods under the terms of the sale agreement will, if not withdrawn, dispense with any subsequent tender by the seller on the date set for performance, yet where, as here, the seller did not elect to act upon such anticipatory breach by bringing suit for such damages as may have accrued, and where there is proof indicating that before the date set for final performance the buyer withdrew his renunciation and announced his readiness to accept the goods, it became incumbent upon the seller to comply with his own obligations under the contract, by tendering the goods in accordance with the contract as modified by any subsequently agreed extension of the time for delivery. If the proof should disclose that a tender of the goods contracted for was made by the plaintiff seller and refused by the defendant purchaser by the time contemplated in the new agreement, the defendant would be liable in damages for the difference in the market price and the contract price of the goods at the time of the breach under the amended contract. If, however, the seller himself failed to tender the goods by the time promised under the extension agreement, he could not recover. The rule as to the measure of damages in a case such as just indicated, where during the life of the original contract a new agreement as to the time of execution is alleged to have been arrived at, differs from the rule in those cases in which, after the termination and breach of the original contract, there has been a conditional waiver as to the time for performance. In the latter case, on failure to comply with the new proposal, the damages are measured by the injury sustained under the original breach. See *Gude v. Bailey*, 4 *Ga. App.* 226, 230 (61.S. E. 135) ; *Georgia Creosoting Co. v. McIntosh Land &c. Co.*, 23 *Ga. App.* 561 (1) (99 S. E. 166).

2. In the instant case the portion of the charge excepted to in the 6th ground of the motion for a new trial is erroneous in failing to take cognizance of the defendant's contention as to the alleged withdrawal of the defendant's refusal to accept and failed to impose upon the plaintiff the duty to tender the goods as contracted for in accordance with the extension agreement. It is not deemed necessary to deal with the other grounds of the motion.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 12, 1926.

Action for breach of contract; from city court of Thomasville— Judge Little presiding. June 15, 1925.

*Titus & Dekle,* for plaintiff in error. *W. I. MacIntyre,* contra.

as the maker chose not to expend in extinguishment of the payee's