57292. SHEPHERD v. CARLTON'S NICE CARS, INC. et al.
57293. CAMP CHEVROLET, INC. v. CARLTON'S NICE CARS, INC. et al.
57294. CARLTON'S NICE CARS, INC. v. SHEPHERD.

McMURRAY, Presiding Judge.

Plaintiff Shepherd brought this action for personal injuries alleged to have resulted from inhaling carbon monoxide fumes while driving a used car which he had purchased from defendant Carlton's Nice Cars, Inc. Carlton filed a third party complaint for contribution and indemnity against Camp Chevrolet, Inc., from whom it had purchased the automobile in question, alleging breach of warranties of merchantability and fitness.

In April, 1978 counsel for all parties agreed to a settlement of the action and correspondence was exchanged confirming that settlement agreement. Plaintiff later refused to comply with the terms of the settlement agreement. Defendant and third party defendant then filed a joint motion to enforce the agreement of settlement. Counsel for plaintiff admits that he was a party to the settlement, but plaintiff filed his affidavit in opposition to the joint motion to enforce an agreement of settlement stating that he had no memory of authorizing his attorney to accept a sum in settlement of this case and that at the time in question he was taking medication for a recent stroke and mild heart attack which impaired his mental capabilities.

In hearing this motion, the trial court determined that the agreed settlement was consistent with the evaluation of the case made by the plaintiff's attorney. The trial court ordered that the motion to enforce settlement be granted and that the defendant and third party defendant be dismissed from this action with prejudice upon delivery of the agreed settlement sum.

Plaintiff appeals from the grant of the joint motion to enforce settlement agreement, contending that he was incompetent at the time his attorney entered into the settlement agreement and, therefore, the authority of his attorney to bind him was revoked. The defendant and

third party defendant filed a cross appeal from the denial of their motions for summary judgment which had been ruled on prior to the date of the settlement agreement. *Held:*

1. An attorney of record is a party's agent in the prosecution of a legal action. The attorney's authority is determined by the terms of his contract of employment and the instructions given by his client. In the absence of express restrictions upon the attorney's authority it may be termed as plenary insofar as the court and the opposing parties are concerned. This term has been applied in relation to the attorney's implicit or apparent authority. See *Dean v. Jackson,* 219 Ga. 552 (1) (134 SE2d 601), and *McCoy v. McSorley,* 119 Ga. App. 603, 604 (2) (168 SE2d 202). An act of an agent within the scope of his apparent authority binds his principal.

Plaintiff seeks to avoid the binding effect of the settlement agreement entered into by his attorney by showing that he was non compos mentis at the time of the agreement due to drugs he was taking for his illness. He argues that the principal and agent relationship was terminated at the time of the agreement due to his mental incapacity. Plaintiff's position, however, fails to provide any protection for the justifiable expectations of the defendant and third party defendant. Plaintiff possessed his full mental faculties when he retained his attorney and initiated the chain of circumstances which led to the settlement agreement in question. There is no evidence that plaintiff's attorney, defendant or third party defendant had any reason to suspect any mental incapacity on the part of plaintiff prior to the time that plaintiff repudiated the settlement agreement. There is no evidence of overreaching. The evidence is that the settlement agreement was consistent with the plaintiff's attorney's evaluation of the case. The record contains no indication of any restriction on the general power of the plaintiff's attorney. Under these circumstances we find no error in the trial court enforcing the settlement agreement.

2. The cross appeals of defendant and third party defendant are rendered moot by the settlement agreement which this court in Division 1 has determined

to be enforceable and binding upon the parties to this action.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Submitted February 13, 1979 — Decided April 30, 1979.

*Cobb, Blandford & Werbin, Samuel N. Werbin,* for appellant (Case No. 57292).

*Gambrell, Russell & Forbes, David M. Brown, Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III, Robert C. Lamar, Samuel N. Werbin,* for appellees (Case Nos. 57292 and 57293).

*Thomas B. Branch, III, Robert C. Lamar,* for appellant (Case No. 57293).

*David M. Brown,* for appellant (Case No. 57294).

*Samuel N. Werbin, Thomas B. Branch, III, Robert C. Lamar,* for appellees (Case No. 57294).