### 71312. REACH OUT, INC. v. CAPITAL ASSOCIATES, INC.
(336 SE2d 847)

BANKE, Chief Judge.

The appellee brought this action against the appellant to recover an alleged indebtedness on a lease agreement for the use of a copying machine, and the trial court granted its motion for summary judgment for actual damages in the amount of $2,288.21, plus attorney fees in the amount of $253.82. The appellant's breach of the lease agreement was established by its failure to respond to certain requests for admissions propounded by the appellee. The primary issue in this appeal concerns the admissibility of certain evidence submitted by the appellee to establish its damages and attorney fees.

The appellee submitted the affidavit of its collection manager authenticating an attached "Referral Status Report" as follows: "When a lease becomes delinquent and said lease account is referred to an attorney for collection, [appellee] prepares a Referral Status Report indicating the outstanding rental payments and amount owed on said lease. The Referral Status Report is made in the regular course of business and it is in the regular course of plaintiff's business to make said Report at the time of referral to an attorney for collection. . . . Affiant states that pursuant to the Referral Status Report and subtracting the amounts credited from the return and sale of the leased equipment the balance remaining due and owing to [appellee] by [appellant] after applying all debits and credits to said account is: TWO THOUSAND TWO HUNDRED EIGHTY EIGHT DOLLARS AND 21/100 ($2,288.21) plus reasonable attorney fees of: TWO HUNDRED FIFTY THREE DOLLARS AND 82/100 ($253.82)." The appellant contends that the "Referral Status Report" was inadmissible as a business record and that the award of damages based on it was consequently in error. *Held*:

1. "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." OCGA § 24-3-14 (b).

Although the appellee's collection manager uses the appropriate legal incantation in his description of the referral status report, the report fails to qualify as a business record because it does not purport

to be a memorandum or record of any act, transaction, occurrence, or event which itself tends to establish any fact relevant to the status of the appellant's account. Rather, the report was an "in-house" information summary prepared in anticipation of litigation. Cf. *Moore v. State*, 154 Ga. App. 535, 537-541 (268 SE2d 706) (1980).

"While records of account made in the regular course of business . . . are admissible under [OCGA § 24-3-14], the statute does not go to the extent of rendering admissible self-serving [memoranda] of this kind." *Maryfield Plantation v. Harris Gin Co.*, 116 Ga. App. 744 (4), 747 (159 SE2d 125) (1967). See also *Nationwide Mut. Fire Ins. Co. v. Rhee*, 160 Ga. App. 468 (10) (287 SE2d 257) (1981). "[T]he admissibility of evidence on motion for summary judgment, whether contained in affidavits or otherwise, is subject to the rules relating to the admissibility of evidence generally. . . ." *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556, 557 (254 SE2d 881) (1979).

2. The appellant also contends that attorney fee provisions of OCGA § 13-1-11 (a) (2) are not applicable to the lease agreement. This enumeration of error is without merit. See *Kasum Communications v. CPI North Druid Co.*, 135 Ga. App. 314 (217 SE2d 492) (1975).

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 28, 1985.

*Robert M. Goldberg*, for appellant.
*Marshall H. Jaffe*, for appellee.