## 76560. GOSS v. MATHIS.
### (373 SE2d 807)

POPE, Judge.

Plaintiff Edward M. Goss entered into an agreement with defendant Charlie G. Mathis for Mathis to construct a lake on Goss's property. Goss brought suit against Mathis alleging, inter alia, that the agreement was breached and the work was not completed. Mathis answered and filed a counterclaim, alleging the plans for the lake were revised during construction so as to enlarge the lake. Mathis prayed for damages in quantum meruit for the additional labor and material supplied by him in excess of that which was required under the original agreement. The jury returned a verdict in favor of Mathis on his counterclaim in the amount of $3,250. Goss appeals on the ground the trial court erred in admitting into evidence two documents prepared by Mathis as an estimate of his expenses and the value of his labor.

We agree with Goss that the documents in question were not admissible as business records pursuant to OCGA § 24-3-14. To be admissible pursuant to said statute, a preliminary showing must be made that the record "was made in the regular course of . . . business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." OCGA § 24-3-14 (b). Mathis, who was an independent contractor for his services as a bulldozer operator, testified it was his regular practice to record his hours of operation and expenses on a daily calendar. However, on this job he did not keep a contemporaneous record of his hours or expenses because he had contracted with Goss to perform the work for a set sum of $10,000. Mathis did not attempt to reconstruct the hours he worked and the expenses he sustained in constructing the lake during August through November 1985 until three to four months after Goss had Mathis arrested in December 1985 (for the alleged conversion and removal of the bulldozer from Goss's property). Thus, Mathis's testimony established that the documents in question were not made in the regular course of his business nor was it his regular practice to record his labor and expenses in such a manner. At most, these documents were worksheets prepared in anticipation of litigation. They could properly be used to refresh the recollection of the witness, but were not themselves admissible as evidence. See, e.g., *Reach Out, Inc. v. Capital Assoc.*, 176 Ga. App. 585 (1) (336 SE2d 847) (1985); *Growth Properties of Fla. v. Wallace*, 168 Ga. App. 893 (3) (310 SE2d 715) (1983); *Nationwide Mut. Fire Ins. Co. v. Rhee*, 160 Ga. App. 468 (10) (287 SE2d 257) (1981); *Woodward v. City Council of Augusta*, 117 Ga. App. 857 (162 SE2d 304) (1968); *Maryfield Plantation v. Harris Gin Co.*, 116 Ga. App. 744 (4) (159 SE2d 125) (1967).

Nevertheless, an appellant must show harm as well as error to prevail on appeal from the erroneous admission of documentary evidence. *Martini v. Nixon*, 185 Ga. App. 328 (6) (364 SE2d 49) (1987); *Pope v. Propst*, 179 Ga. App. 211 (10) (345 SE2d 880) (1986). On cross-examination, it was clearly established that the lists in question were constructed from Mathis's memory several months after the actual work was performed. In announcing his ruling to admit the documents the trial court stated: "I'm going to let it go in with the understanding that the witness has testified that it is an estimate based upon fuel use as to [sic.], and let the jury arrive at its answer." The documents in question estimated the value of Mathis's labor at $28,200. Of this total value, Mathis testified the value of the additional work to be approximately $6,350. The fact that the jury returned a verdict of only $3,250 shows it did not rely upon the written estimate contained within the documents in question. Thus, we find no reversible error.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 15, 1988 —
REHEARING DENIED OCTOBER 6, 1988 

*David E. Ralston*, for appellant.
*Robert K. Ballew*, for appellee.