A89A0295. KOLMAN, INC. v. BURNS.
(382 SE2d 702)

SOGNIER, Judge.

Betty Burns brought suit against Kolman, Inc. d/b/a Sunnyside Park Nursery seeking to recover $4,150 in deposits she had made for landscaping services to be performed by Kolman. Kolman answered and counterclaimed seeking, inter alia, recovery of fees for preparatory services it had performed. The trial court entered judgment on the jury verdict in favor of Burns and denied Kolman's motion for judgment notwithstanding the verdict or, alternately, for a new trial. Kolman appeals.

At trial, evidence was adduced from which the jury could have determined that on October 15, 1985, the parties entered into an agreement whereby appellant, in exchange for $12,154.19, agreed to provide all necessary materials, labor, transportation, tools, and other matters to landscape appellee's home. Pursuant to the agreement, appellee presented appellant with a personal check for approximately one third of the agreement price ($4,000), the remaining balance being due upon completion. By consent of the parties, appellee postdated the check to October 20, 1985. The parties agreed that appellee asked that the check be held until that date. While the evidence sharply conflicted, the jury was authorized to believe that after entering the agreement, appellee had reservations about the prices charged by appellant and telephoned appellant to request it hold the check, which it agreed to do. Nevertheless, appellant deposited the check and it cleared appellee's checking account on October 22nd. Upon learning that the check had been negotiated, appellee rescinded the contract and sought the return of the $4,000 plus the $150 deposit she had made for the landscaping plans.

Appellant contends the trial court erred by denying its motions for judgment n.o.v. or, alternately, for a new trial as to the issue of the unconditional terms of the check being made conditional by an alleged parol agreement, i.e., the agreement to hold the check until appellee authorized its deposit. Appellant also alleges error in the trial court's refusal to give various requested charges concerning the unconditional nature of checks and certain aspects of the parol evi-

dence rule. However, it is apparent that appellee's suit was not based on the legal enforceability of the conditions she claims were established by oral agreement, but rather was based on appellee's entitlement to her deposits after having disaffirmed the contract for any reason, valid or otherwise. See generally *Haralson v. Pope Chevrolet*, 180 Ga. App. 650, 654 (350 SE2d 255) (1986). The jury was authorized to find that the contract between the parties was executory, see OCGA § 13-1-2 (b), and that appellee stopped performance on the contract because she suspected appellant had overcharged her on certain items and was upset with appellant for depositing her check before she had an opportunity to prove or disprove her suspicions. " 'A party to an executory contract may always stop performance on the other side by an explicit direction to that effect, though he thereby subjects himself to the payment of such damages as will compensate the other for the loss he has sustained by reason of having his performance checked at that stage in its progress.' [Cit.]" *Southern Saw Mill Co. v. Herzfield*, 35 Ga. App. 206 (1) (132 SE 264) (1926). Contrary to appellant's assertions on appeal, the pivotal question for the jury was not whether the reasons appellee proffered for rescinding the contract demonstrated a legal breach of any contract provision by appellant, but rather the questions for the jury were whether appellant suffered any damages as a result of appellee's breach of the contract and whether appellee was entitled to the return of her deposits from appellant. The transcript of the trial reveals ample grounds from which the jury could have concluded that appellant suffered no damages whatsoever from appellee's decision to disaffirm the contract, and appellant does not controvert appellee's right to recover the deposits she had made for landscaping services which were never performed.

" 'It is an old and sound rule that error to be reversible must be harmful. (Cits.) Thus, when a plaintiff in error (appellant) brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' [Cit.]" *Smith v. Hendrix*, 162 Ga. App. 299, 302 (290 SE2d 504) (1982). Even assuming, as appellant contends, that appellee improperly relied upon an oral agreement contradicting the terms of an unconditional check when she decided to disaffirm the contract, and that the jury was not fully instructed that the reasons for appellee's actions were legally insufficient, the evidence fully supports the jury's determination that appellant suffered no damages as a result of appellee's improper actions and that she was entitled to recover the deposit she had made. Therefore, this appeal presents no error requiring reversal of the jury verdict in the case sub judice.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 23, 1989 —
REHEARING DENIED JUNE 2, 1989 —

*Eichholz & Associates, Michael A. Lewanski, Gregory V. Sapp,* for appellant.
*Kent & Barrow, Jordan D. Morrow III,* for appellee.