A90A0134. DAVIS v. KNIGHT et al.

(394 SE2d 634)

COOPER, Judge.

Appellant filed suit against appellees alleging assault and battery and appellees counterclaimed, also alleging assault and battery and praying for the recovery of expenses, costs and attorney fees. Appellees amended their counterclaim to add a claim for damages, expenses and attorney fees pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986) and OCGA § 9-15-14. After the close of the evidence, in a jury trial, appellees withdrew their "Yost" and § 9-15-14 claim. The jury returned verdicts for the appellant against appellee Knight in the amount of $778.50; for the appellant against appellee Comer in the amount of -0-; for the appellant against appellees, jointly and severally in the amount of -0-; for appellee Knight against appellant in the amount of -0-; and for appellee Comer against appellant in the amount of $2,300, and this appeal is taken from the judgment entered thereon.

1. In his first and fourth enumerations, appellant contends the trial court erred in allowing appellees to amend their counterclaim and in denying appellant's motion to dismiss the amendment to the counterclaim. The record reflects that the appellees withdrew the amendment to the counterclaim at the close of the evidence, however appellant presented no evidence that he was harmed by the judge's actions. Therefore, if any error did occur (which we do not decide), it was harmless and does not require reversal. *Kolman, Inc. v. Burns*, 191 Ga. App. 758 (382 SE2d 702) (1989).

2. Appellant next contends that the court erred in admitting testimony of a witness concerning conversations the witness had with appellees after the incident occurred. From the record, it appears that appellant's objection was based upon the irrelevancy of the testimony because it related to a time period other than the time of the incident. No other grounds for the objection appear in the record. Objections based on the irrelevancy of evidence are insufficient to show reversible error. *Brinson v. State*, 191 Ga. App. 151 (381 SE2d 292) (1989). Further, "[q]uestions of relevancy are within the domain of the trial court." *Allstate Ins. Co. v. McGee*, 157 Ga. App. 53, 55 (276 SE2d 108) (1981). The trial court did not abuse its discretion in allowing the testimony, and there was no reversible error.

3. Appellant's third enumeration that it was error to allow appellees to call a witness not named in the pre-trial order is without merit. Since appellant presents no argument that the testimony of the witness surprised or harmed the appellant's case, the trial court's discretion in allowing the witness to testify was not abused, and no error occurred. See *Ambler v. Archer*, 230 Ga. 281 (196 SE2d 858) (1973).

4. The fifth, sixth and seventh enumerations are related and are

also all without merit. The testimony on the amount and the reasonableness of attorney fees that was presented to the jury was necessary to support appellees' original claim for expenses and fees pursuant to OCGA § 13-6-11 and was not admitted erroneously. Also, our review of the record reveals no erroneous reference by the trial court to the "Yost" claim — any reference to the recovery of attorney fees relates to the claim under OCGA § 13-6-11. Similarly, the trial court did not err in charging the jury as to OCGA § 13-6-11. Contrary to the arguments asserted by appellant, attorney fees are recoverable under OCGA § 13-6-11 (see *Spivey v. Rogers*, 173 Ga. App. 233 (326 SE2d 227) (1984)) and defendants can avail themselves of the section if a defendant asserts a claim for relief independent of a claim for litigation expenses incurred in defending the plaintiff's case. *Ballenger Corp. v. Dresco &c.*, 156 Ga. App. 425 (274 SE2d 786) (1980). Appellees' independent claim of assault and battery can support their prayer for attorney fees and expenses.

5. Appellant asserts in his final enumeration that the verdict does not conform to law or the evidence without success. The record presents sufficient evidence to support the verdicts for appellant as to appellee Knight and against appellant as to appellee Comer, and " '(i)n the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence. . . .' [Cit.]" *Martin v. Children's Sesame*, 188 Ga. App. 242 (3) (372 SE2d 648) (1988).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MAY 24, 1990.

*Fortson & Associates, Walter L. Fortson*, for appellant.
*Floyd, Jones & Ware, Thomas F. Jones*, for appellees.