A90A0889. INGRAM v. PETERSON.
(397 SE2d 141)

SOGNIER, Judge.

Brenda Ingram brought suit against Joe H. Peterson to recover for personal injury and property damage resulting from an automobile accident. Judgment was entered on the jury's verdict in favor of Peterson, and Ingram appeals following the denial of her motion for a new trial.

1. Appellant contends the verdict was contrary to the evidence and strongly against the weight of the evidence. Appellant's vehicle was hit on the driver's side by the car driven by appellee. The varying estimates appellant had given at the time of the collision regarding her speed at the time of impact were adduced at trial. Although appellee had entered a guilty plea to the charge of failure to yield the right of way, he testified at this trial that he felt compelled to do so because he had been cited by the police. He also testified that prior to the accident he slowed his vehicle at the traffic light at the intersection, came to an almost complete stop, and eased his car into the intersection to look for oncoming traffic before making a left turn. Despite appellee's actions, and even though there was no obstruction blocking her view of the intersection, appellant testified that she did not see appellee's car until the moment of impact. In addition, although appellant asserts in her brief that she sustained serious physical injuries, the transcript reveals that she was released from the emergency room after the collision in good condition, did not seek

further medical treatment until three or four weeks later, and did not lose any time from work due to her injuries although her job as a laborer required heavy lifting and carrying.

We find that in view of this evidence, the trial court properly submitted both the issue of negligence and that of damages to the jury, which returned a verdict in favor of appellee. " 'In the absence of legal error, an appellate court is without jurisdiction (or authority) to interfere with a verdict supported with some evidence, even where the verdict may be against the preponderance of evidence.' [Cit.]" *Stone v. Cook*, 190 Ga. App. 11, 14 (1) (378 SE2d 142) (1989).

2. Our review of the record reveals that no objection was raised at trial to the trial court's charges on the basic rules of the road, taken from OCGA § 40-6-180, and comparative negligence (other than the charge discussed in Division 3, infra, which appellant characterizes as a charge on "contributory negligence"). " 'When a party fails to object to a jury charge at the time of trial [s]he is precluded from alleging error on appeal as to that ground. (Cits.)' [Cit.]" *Carrandi v. Sanders*, 188 Ga. App. 562, 564 (2) (373 SE2d 661) (1988).

3. Appellant enumerates as error the trial court's charge on "contributory negligence." The trial court charged the jury that "[i]f you should determine from the evidence that [appellant] failed to exercise ordinary care for [her] own safety and that the failure on [her] part was the proximate cause of injury, then [appellant] could not recover." Appellant argues that had the trial court included the word "sole" before the word "proximate," the charge would have been proper as a charge on causation, but that as given the charge was a charge on "contributory negligence," which was confusing to the jury and prejudicial to appellant. We do not agree. Although it would have been preferable to include the word "sole," as suggested by appellant, viewing the charge as a whole, as we must, see *Clemons v. Atlanta Neurological Institute*, 192 Ga. App. 399, 401 (384 SE2d 881) (1989), we cannot say that it misstated the law or was confusing to the jury. It is well established that "a plaintiff cannot recover if his [own] negligence is the *proximate cause* of his injuries. This rule is not [an] exception to the rule [of comparative negligence], because [the doctrine of comparative negligence applies] only to cases where the concurring negligence of the plaintiff and defendant *combine proximately* to cause the injury." *Willis v. Jones*, 89 Ga. App. 824, 825-826 (81 SE2d 517) (1954). In this case, since the portion of the court's charge objected to was a correct statement of the law, and the jury was immediately thereafter charged completely and adequately concerning comparative negligence, we find no error.

4. Unlike the situation in *Meacham v. Barber*, 183 Ga. App. 533, 535-536 (2) (359 SE2d 424) (1987), relied on by appellant, in the case sub judice appellant made no written request for the court to charge

the jury that the burden was on appellee to establish by a preponderance of the evidence that appellant's injuries were caused by her own negligence or contributory negligence if he relied on such defense. "There being no timely and appropriate written request to charge as to appellee's burden of proving appellant's contributory negligence, no reversible error is shown." *Whitman v. Burden*, 155 Ga. App. 67-68 (2) (270 SE2d 235) (1980).

5. We cannot agree with appellant's contention that the trial court erred by denying her motion for a directed verdict as to the issue of liability. The standard of review for the denial of a motion for a directed verdict is the "any evidence" test. *Stratton Indus. v. Northwest Ga. Bank*, 191 Ga. App. 683, 685-686 (1) (382 SE2d 721) (1989). This court has held that "[i]t does not follow from the fact that a driver has the right-of-way at an intersection that he is thereby entitled 'to drive blindly or recklessly across (the) intersection . . . without regard to the conditions and consequences.' [Cits.] '(E)ven if the (other) driver . . . is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching the intersection, this will not relieve the driver having the right-of-way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. . . .' [Cit.]" *Stroud v. Woodruff*, 183 Ga. App. 628, 629 (1) (359 SE2d 680) (1987). In this case, because there was a jury question whether appellant exercised due care in negotiating the intersection, the trial court properly denied appellant's motion for a directed verdict on the issue of liability.

6. Appellant finally enumerates as error the trial court's refusal to allow her to call as an adverse witness Talman Howard, an adjuster for appellee's insurance carrier. Appellant relies on OCGA § 24-9-81, which permits calling for the purpose of cross-examination an "agent of any person for whose immediate benefit [an] action is prosecuted or defended" as authority for her assertion that Howard was an adverse witness. The record reveals, however, that appellee and the trial court were concerned that questioning Howard would inject into the proceedings the issues of insurance and a settlement offer proposed by Howard. Appellant's counsel assured the court that he simply wanted to establish some facts through Howard, and would "not ask [Howard] a single thing that has to do . . . with his employment . . . or [the] compromise that he offered." Appellant was permitted to question Howard freely on that basis, and elicited all the information which counsel stated was desired. Appellant has shown no harm accruing to her from the court's ruling that Howard must be called as appellant's witness, nor has she shown that any difference in Howard's testimony would have resulted had he been called as an adverse witness. Accordingly, we need not decide whether the trial court's ruling that Howard was not an adverse witness pursuant to OCGA § 24-

9-81 was erroneous. "It is an old and sound rule that error to be reversible must be harmful." (Citations and punctuation omitted.) *Kolman, Inc. v. Burns*, 191 Ga. App. 758, 759 (382 SE2d 702) (1989).
*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 18, 1990 — CERT. APPLIED FOR.

*Peter G. Williams*, for appellant.
*Kay D. Thompson*, for appellee.