A91A2110. GREAT WESTERN BANK v. DAVIS et al.
(416 SE2d 899)

COOPER, Judge.

Appellant foreclosed on an apartment complex pursuant to a deed to secure debt defaulted on by appellees. At the foreclosure sale, the property was sold for 1.9 million dollars. Pursuant to OCGA § 44-14-161, appellant filed an application for confirmation of the foreclosure sale. Prior to trial, appellees stipulated that appellant had complied with the statutory notice and advertisement requirements; therefore, the only issue for the trial court's determination was whether the foreclosure sale returned the true market value of the property. After hearing evidence, the trial court entered an order denying confirmation of the sale, finding that the property sold did not bring its true market value and that the true market value of the property was between 2.5 and 3 million dollars. This appeal follows.

1. Appellant first enumerates error with the trial court's finding that the true value of the property was between 2.5 and 3 million dollars. Appellant first argues that such a finding is not required by OCGA § 44-14-161 and second, that there is no evidence in the record supporting the amount. OCGA § 44-14-161 (b) provides that upon application to confirm a foreclosure sale, "[t]he court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale." One of appellees' appraisers testified at trial that in his opinion the property was valued at 2.9 million dollars, and appraisers for both appellant and appellees testified that the county had recently appraised the property at a value in excess of 3 million dollars. "In confirmation proceedings, the trial court sits as trier of fact, and its findings will not be disturbed if there is any evidence to support them. [Cit.]" *Arnold v. Farmers Bank of Union Point*, 195 Ga. App. 328, 329 (393 SE2d 486) (1990). There was sufficient evidence to support the trial court's determination that the sale of the property for 1.9 million dollars did not bring the true market value of the property.

Although the court was not required to give an opinion as to the true market value, considering the evidence, we cannot conclude that the trial court's determination was erroneous.

2. In its second enumeration of error, appellant contends that the trial court erred in not considering the appraisal report of appellant's expert. During the presentation of appellant's case, the trial judge admitted into evidence, without objection, the appraisal report of one of appellant's expert witnesses. When appellees tendered the appraisal report, appellant objected, and the trial judge sustained the objection. The trial judge stated that the appraisal report was offered to supplement and bolster the testimony of the expert; that he was not going to consider any of the appraisal reports which had been offered into evidence; and that he would consider only the testimony and other documents which had been admitted. Appellant's expert was examined and cross-examined extensively regarding the basis for his opinion as to the value of the property and the methodology employed in reaching that opinion. Appellant argues that the failure to consider the report was harmful because an analysis of the report was the only way for the trial judge to understand the basis for the expert's opinion. We disagree. The record reflects that appellant's expert was questioned in detail about his report, and in many instances was asked to explain matters on various pages in his report. Appellant has failed to establish that the report contained any matter which was not introduced through the expert's testimony. Furthermore, appellant has not shown how it was harmed by the trial court's failure to consider the report. " 'It is an old and sound rule that error to be reversible must be harmful.' [Cit.]" *Ingram v. Peterson*, 196 Ga. App. 888, 891 (6) (397 SE2d 141) (1990).

3. Appellant enumerates as error the trial court's exclusion of a document which consisted of notes prepared by the receiver of the property as he performed an inspection of the property. Appellant insists that the document qualified as a business record because the receiver testified that he prepared it in the ordinary course of business. OCGA § 24-3-14 provides that "[a]ny writing or record . . . made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act. . . ." The receiver testified that the document was prepared from notes he dictated while he performed a complete walk-through of the vacant units in the apartment complex and that the purpose of the document was to remind him of what he observed in each unit. We agree with the trial judge that the document did not qualify as a business record. "At most, [this document was a work-

sheet] prepared in anticipation of litigation. [It] could properly be used to refresh the recollection of the witness, but [was] not [itself] admissible as evidence. [Cits.]" *Goss v. Mathis*, 188 Ga. App. 702 (373 SE2d 807) (1988); *Reach Out, Inc. v. Capital Assoc.*, 176 Ga. App. 585 (1) (336 SE2d 847) (1985). "Nevertheless, an appellant must show harm as well as error to prevail on appeal. . . . [Cits.]" *Goss v. Mathis*, supra at 703. The receiver testified about the contents of his memorandum, including the condition of the property during his inspection, and his opinion as to the value of the property on the date of the inspection as well as on the date of the foreclosure sale. The trial judge stated that although he was not admitting the memorandum, he would consider the testimony of the receiver. Accordingly, we find no reversible error.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 19, 1992.

*Troutman, Sanders, Lockerman & Ashmore, William N. Withrow, Jr., William T. Plybon, Patricia A. Murtaugh*, for appellant.
*Randy M. Wells*, for appellees.