A99A0575. DAVIS et al. v. HAWKINS.
(521 SE2d 10)

RUFFIN, Judge.

Rebecca Ferguson, the executrix of Barnie Hawkins' estate, reached an agreement with Hazel Hawkins, the decedent's widow, to

settle her claim for a year's support. Ferguson then petitioned the Superior Court of Richmond County for approval of the agreement. The trial court approved the agreement, and Carol Davis and Robert Hawkins, two beneficiaries under the will, appeal.[1] We affirm.

In October 1997, Barnie Hawkins died testate. According to the terms of his will, he bequeathed his house to his widow "for the remainder of her life or until she remarries." The remainder of the decedent's property was left to his four children. Ferguson was appointed executrix under the will.

On April 3, 1998, the widow filed a petition for a year's support. The executrix and Russell Hawkins[2] filed a caveat alleging, inter alia, that the claim for year's support was excessive. Russell Hawkins filed a second caveat with Davis requesting that the year's support petition be denied. On June 10, 1998, the probate judge dismissed the petition, and the widow appealed to superior court.

While the appeal was pending, the executrix and widow reached an agreement compromising the widow's claim for a year's support. The agreement called for the estate to sell the children's remainder interest in the real property to the widow for a sum of $20,000 so that the widow would own the estate in fee simple rather than having a qualified life interest in the estate. Following a hearing at which the executrix, the widow, Carol Davis and Russell Hawkins testified, the superior court approved the agreement.

1. Appellants assert that the executrix lacked the authority to compromise the year's support claim over the objections of beneficiaries. This assertion lacks merit. Pursuant to OCGA § 53-7-45, the executrix is "authorized to compromise, adjust, arbitrate, assign, sue or defend, abandon, or otherwise deal with or settle debts or claims in favor of or against the estate."[3] A claim for a year's support is a claim against the estate. OCGA § 53-5-1 et seq.[4] Thus, the executrix clearly had statutory authority to settle the claim.

Moreover, the executrix did not exceed the scope of her authority under the will, which granted her the power to "sell any and all of [decedent's] property at private and/or public sale, for any purpose she may see fit, on such terms and consideration which her judgment

---

[1] Rebecca Ferguson, Carol Davis, Robert Hawkins and Russell Hawkins are the four adult children of the decedent. Russell Hawkins is not a party to this appeal.

[2] Russell Hawkins is referred to as Wayne Hawkins in the caveat.

[3] This Code section, which became effective January 1, 1998, replaced OCGA § 53-7-107. Because OCGA § 53-7-45 does not impair the parties' vested rights of title, year's support, succession, or inheritance, we apply the new law. For more details, see the Editor's notes at the beginning of Chapter 7 of Title 53.

[4] Effective January 1, 1998, the year's support provisions are set out in OCGA § 53-3-1 et seq. We refer to the previous statute because it is the decedent's date of death that governs the law applicable to a widow's claim to a year's support. *Richards v. Wadsworth*, 230 Ga. App. 421, 422 (2) (496 SE2d 535) (1998).

shall dictate . . . without the order of any court." See *Cannon v. Bangs*, 269 Ga. 671, 672-673 (502 SE2d 224) (1998) (will provision that gave executrix, who held life estate in property, "the express power to sell, encumber, use, or do any act with regard to the property" authorized executrix to convey property in fee simple even though sale deprived remaindermen of their interest). Thus, the trial court correctly concluded that the executrix had the authority to compromise the widow's claim.

According to the appellants, the executrix should not be allowed to settle their caveat without their approval.[5] However, the executrix did not settle the *caveats*. She settled *the widow's claim for year's support*, which rendered the caveats moot. See *Shepherd v. Carlton's Nice Cars*, 149 Ga. App. 749, 750-751 (2) (256 SE2d 113) (1979) (settlement rendered cross-appeals moot).

To the extent that appellants imply that they had a right to have some input into the settlement, we disagree. There is no statutory provision nor any provision in the decedent's will that requires that the beneficiaries agree to such settlements. There is a requirement that, in settling the claim, the executrix act in good faith. See *Home Ins. Co. v. Wynn*, 229 Ga. App. 220, 222 (1) (493 SE2d 622) (1997) (executrix, as fiduciary, must act with good faith). Here, the appellants do not contend that the executrix acted in bad faith in settling the claim, and thus, we do not address this issue on appeal.

2. Appellants next assert that, even if the executrix had the authority to compromise the widow's claim for year's support, the trial court erred in allowing her to compromise the claim in such way as to defeat the intentions of the testator. Again, we disagree.

As an initial matter, we note that a claim for year's support is preferred before all debts notwithstanding the fact that such an award necessarily "contravenes the theory that every competent person should be free to dispose of property at death as the individual desires." *Driskell v. Crisler*, 237 Ga. App. 408, 409 (515 SE2d 416) (1999). "[T]he right to a year's support overrides the testator's instructions." (Punctuation omitted.) *Richards*, supra at 425 (4). Thus, the fact that the settlement of the widow's claim for a year's support undermines the intent of the testator is not fatal to the settlement.

3. According to the appellants, the superior court erred in permitting the executrix to establish the value of the property through hearsay testimony. We disagree.

Initially, we question whether this enumeration of error has any bearing on the outcome of this case. The will gave the executrix the

---

[5] In fact, Davis is the only appellant who actually filed a caveat.

power to sell any of the decedent's property without court approval. Additionally, she had the authority to compromise the claim against the estate. There is no requirement that such settlements be approved by the court. Compare OCGA § 29-2-16 (probate court approval required for certain settlements by guardian on behalf of ward). Thus, if the hearing was not required, we fail to see how the appellants could have been harmed by anything that took place during the hearing. It is well settled that "appellant[s] must show harm as well as error to prevail on appeal." See *Gantt v. Bennett*, 231 Ga. App. 238, 242 (3) (499 SE2d 75) (1998); *Matherly v. Kinney*, 227 Ga. App. 302, 305 (3) (489 SE2d 89) (1997); see also *Great Western Bank v. Davis*, 203 Ga. App. 473, 474 (2) (416 SE2d 899) (1992).

Pretermitting whether appellants can establish harm, the trial court did not err in admitting the executrix's value testimony over the appellants' hearsay objections. As this Court recognized in *B & L Svc. Co. v. Gerson*, 167 Ga. App. 679 (307 SE2d 262) (1983),

[e]vidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the [executrix] is not objectionable for the reason stated. Market value may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion.

(Punctuation omitted.) Id. at 681 (4). Accordingly, this enumeration of error lacks merit.

4. Appellants contend that the superior court erred in "failing to preserve" their right to a jury trial on their caveat to the year's support claim. The case came before the superior court by virtue of the probate court's denial of the widow's claim for year's support. Appellants correctly note that, pursuant to OCGA § 5-3-30, appeals filed to a superior court before July 1, 1998, are to be tried by a jury.[6] Thus, had the year's support claim not been compromised, the appellants clearly would have had the right to have a jury address the merits of the widow's claim. However, as the executrix *did* settle the year's support claim, any issues that the appellants could have raised were rendered moot. *Shepherd*, supra. As there were no issues for a jury to decide, the trial court cannot be said to have deprived the appellants of their right to a jury trial. See *Harry v. Glynn County*, 269 Ga. 503, 505-506 (3) (501 SE2d 196) (1998); *Allen v. Tucker Fed. Bank*, 236 Ga. App. 245 (2) (510 SE2d 546) (1998).

---

[6] OCGA § 5-3-30 has been amended to read that appeals from magistrate court to superior court filed after July 1, 1998, are to be tried without a jury unless either party files a demand for a jury trial within 30 days.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 29, 1999.

*Timothy S. Mirshak*, for appellants.
*Burnside, Wall, Daniel, Ellison & Revell, Harry D. Revell, Johnston, Wilkin & Williams, Wendell E. Johnston, Jr., William J. Williams*, for appellee.