A07A0881. MONTGOMERY v. MONTGOMERY.
(650 SE2d 754)

JOHNSON, Presiding Judge.

Following her husband's death, Betty R. Montgomery petitioned the Upson County Probate Court for year's support. The deceased's son, Howard B. Montgomery, filed a caveat. After the probate court awarded Betty Montgomery half interest in the marital home and an automobile, Howard Montgomery appealed to the superior court. The trial court awarded Betty Montgomery the automobile, her personal property, and $14,000, and ordered that a judgment lien be placed against the residence, among other things. On appeal, Betty Montgomery contends that the trial court erred when it denied her demand for a jury trial. We agree and reverse.

Howard Montgomery filed his notice of appeal to the superior court on June 7, 2006. Betty Montgomery demanded a jury trial on August 21, 2006, which the trial court denied because the demand was made more than 30 days after the filing of the appeal and was therefore untimely in light of OCGA § 5-3-30.

Before July 1, 1998, OCGA § 5-3-30 provided that

> [a]ll appeals to the superior court or state court shall be tried by a jury at the first term after the appeal has been entered unless good cause is shown for continuance; provided, however, that trial by jury may be waived by the consent of both parties to trial by the court without a jury as provided in Code Section 9-11-39.

Effective July 1, 1998, the foregoing provision was struck and amended to provide:

> Upon the filing of an appeal from *magistrate court* to superior court or state court, the appeal shall be placed upon the court's next calendar for nonjury trial. Such appeals from the *magistrate court* to superior court or state court shall be tried by the superior court or state court without a jury unless either party files a demand for a jury trial within 30

days of the filing of the appeal or the court orders a jury trial.[1]

The trial court concluded that OCGA § 5-3-30 (a) applied to appeals from the probate court notwithstanding that the statute only refers to appeals from the magistrate court. But it is a venerable principle of statutory construction that the express mention of one thing implies the exclusion of another.[2] And the magistrate courts are separate and distinct from the probate courts.[3] Further, "[a]s long as the language is clear and does not lead to an unreasonable or absurd result, it is the sole evidence of the ultimate legislative intent."[4] With these principles in mind, we conclude that OCGA § 5-3-30 (a) simply means what it says, and it says nothing about appeals from the probate courts to the superior courts.

*Davis v. Hawkins*,[5] relied upon by the trial court, does not hold otherwise. The appeal from the probate court to the superior court in that case was taken before the effective date of revised OCGA § 5-3-30, and there were no issues for a jury to decide.[6] In *Davis*, we refer to the amendment to OCGA § 5-3-30 in a footnote, but note that "appeals from magistrate court to superior court filed after July 1, 1998, are to be tried without a jury unless either party files a demand for a jury trial within 30 days."[7] If it can be inferred from *Davis* that appeals from the probate court to the superior court on or after July 1, 1998 are governed by OCGA § 5-3-30 in the same manner as appeals from the magistrate court to the superior court or state court, the inference is dicta.[8]

Howard Montgomery argues that if the legislature did not intend to extend revised OCGA § 5-3-30 to probate courts it must have intended to deny a trial by jury in all appeals from the probate courts. We disagree.

---

[1] (Emphasis supplied.) OCGA § 5-3-30 (a). OCGA § 5-3-30 (b) was later added, but also concerns appeals from the magistrate courts in particular.

[2] *Alexander Properties Group v. Doe*, 280 Ga. 306, 309 (1) (626 SE2d 497) (2006).

[3] See OCGA §§ 15-9-1 et seq.; 15-10-1 et seq.

[4] (Punctuation and footnote omitted.) *Ray v. Barber*, 273 Ga. 856 (1) (548 SE2d 283) (2001).

[5] 238 Ga. App. 749 (521 SE2d 10) (1999).

[6] Id. at 752 (4).

[7] Id. at n. 6.

[8] Mary Radford, Redfearn, Wills and Administration in Georgia (6th ed. 2000) takes the position (relying on OCGA § 5-3-30) that appeals to the superior court from the probate court will be tried without a jury unless either party files a demand for a jury trial within 30 days of the filing of the appeal, which is consistent with the trial court's order. Id. at § 6-3, p. 137. In the 2007 pocket part, however, she notes that amended OCGA § 5-3-30 only speaks to appeals from the magistrate court to the superior court or state court, and that "[i]t is unclear what effect this amendment has on appeals from a probate court."

"We construe statutes relating to the same subject matter together, and harmonize them wherever possible, so as to ascertain the legislative intendment and give effect thereto."[9] The General Assembly has created two tiers of probate courts.[10] For purposes of OCGA § 15-9-120, "probate court" refers to a probate court of a county having a population of more than 96,000 persons according to the United States decennial census of 1990 or thereafter.[11] A judgment in a civil case in such a probate court is appealable to the Supreme Court or Court of Appeals, depending on the subject matter.[12] In other probate courts, such as the case here, appeals are made to the superior court.[13] The appeal is de novo unless otherwise provided by law, and "all competent evidence shall be admissible on the trial thereof."[14]

For purposes of probate courts in which judgments in civil cases are appealable to the Supreme Court or the Court of Appeals, a "civil case" is defined to include those civil matters "[w]hich, if not for this article and Code Section 5-6-33, could be appealed to superior court for a de novo investigation *with the right to a jury trial under Code Sections 5-3-2 and 5-3-29.*"[15] Further, OCGA § 15-9-121 (c) grants the right to a jury trial in probate court under certain conditions, but that "[i]f the civil case *could not be appealed to a jury* in superior court from a probate court not meeting the definition provided in paragraph (2) of Code Section 15-9-120, the right to a jury trial shall not be available in a probate court which meets such definition."[16]

Given the foregoing, it is apparent that the General Assembly did not intend that by repealing former OCGA § 5-3-30 appeals to the superior court from the probate court would no longer be tried by a jury. For one thing, no case would then be a "civil case" for purposes of OCGA § 15-9-120 (1) (C) because no case would otherwise be appealable to the superior court "with the right to a jury trial." Further, it appears from OCGA § 15-9-120 (1) (C) that the right to a jury trial in an appeal from the probate court was considered by the

---

[9] (Punctuation and footnote omitted.) *In the Interest of J. V.*, 282 Ga. App. 319, 321 (638 SE2d 757) (2006).

[10] See OCGA §§ 15-9-120 through 15-9-126; Radford, Redfearn, Wills and Administration in Georgia (6th ed. 2000) § 6-1, p. 126.

[11] In addition, such a probate court is one in which the judge has been admitted to the practice of law for at least seven years. Id.

[12] OCGA § 15-9-123.

[13] OCGA § 5-3-2.

[14] OCGA § 5-3-29.

[15] (Emphasis supplied.) OCGA § 15-9-120 (1) (C).

[16] (Emphasis supplied.)

General Assembly to be inherent in the general right of de novo appeal to the superior court provided by OCGA §§ 5-3-2 and 5-3-29.[17]

Given that the legislature chose to impose specific conditions on the right to a jury trial in appeals from the magistrate court, but not the probate court, and that the legislature could not have intended to deny a jury trial in appeals from the probate court, we conclude that in repealing former OCGA § 5-3-30 the legislature intended that appeals from the probate court to the superior court would continue without special limitations on the right to a jury trial. Accordingly, the longstanding rule remains that de novo appeals to the superior court from the probate court are to be tried by jury unless the right to a jury trial is waived.[18]

Howard Montgomery argues that Betty Montgomery implicitly waived any right to a jury trial by her conduct. "One may waive the right to trial by jury by conduct indicative of the fact that the right is not asserted."[19] However, Betty Montgomery specifically requested a jury trial, and obtained a written order denying that request.[20] It follows that she is entitled to a jury trial, and that the trial court was without authority to enter its final order following a bench trial.[21] The remaining enumerations of error are therefore moot.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 1, 2007.

*Mallory & Trice, Truitt A. Mallory*, for appellant.
*Richard H. Bishoff*, for appellee.

---

[17] See, e.g., *Davis v. Harper*, 54 Ga. 180, 183 (1875) ("right of appeal [from the court of ordinary] is without restriction, so that, at his option, the defendant may always have a jury trial if he desires it").

[18] See *Smith v. Smith*, 165 Ga. App. 532, 534 (2) (301 SE2d 696) (1983).

[19] (Citation and punctuation omitted.) *SurgiJet, Inc. v. Hicks*, 236 Ga. App. 80, 81 (2) (511 SE2d 194) (1999).

[20] See, e.g., *Camilla Cotton Oil Co. v. C. I. T. Corp.*, 143 Ga. App. 840, 842 (2) (240 SE2d 212) (1977) (participation in bench trial did not waive request for a jury trial where appellant obtained a ruling denying the request).

[21] See *Smith*, 165 Ga. App. at 534 (2) (in de novo appeal from probate to superior court, trial court did not have authority to enter final judgment because jury trial was not waived by the parties).