BARNES, Presiding Judge,
concurring in part and dissenting in part.
Because the store shoplifting report relied upon by the prosecution was prepared in anticipation of litigation, the trial court erred in admitting it under the business record exception to hearsay. And admission of the shoplifting report harmed Thompson because it provided the only evidence of the value of the items stolen from the store to support his felony shoplifting conviction. We therefore should *217 reverse Thompson’s conviction for felony shoplifting. Because the majority concludes otherwise, I respectfully dissent to Division 1 of the majority opinion.[9]
Under Georgia’s new Evidence Code, a document is admissible under the business record exception to hearsay if, among other things, the document is of the type routinely made in the regular course of business. OCGA § 24-8-803 (6). But it is well established that a record prepared in anticipation of litigation is not made in the “regular course” of business and lacks the requisite degree of reliability and trustworthiness for admission under the business record exception. See Stewart v. State, 246 Ga. 70, 74 (3) (268 SE2d 906). (1980) (forms containing payroll information inadmissible as business records because prepared in anticipation they would be used as part of government investigation and litigation); Goss v. Mathis, 188 Ga. App. 702 (373 SE2d 807) (1988) (documents providing estimation of expenses and value of labor inadmissible as business records because prepared in anticipation of litigation); Reach Out v. Capital Assoc., 176 Ga. App. 585, 585-586 (1) (336 SE2d 847) (1985) (report listing outstanding rental payments and amounts owed on lease inadmissible as business record because prepared in anticipation of litigation).[10] Thus, “[i]ncident reports prepared by a business after an accident or other event likely to lead to litigation are normally inadmissible as business records.” Paul S. Milich, Ga. Rules of Evidence, § 19:11, p. 758 (2013-2014 ed.). See Palmer v. Hoffman, 318 U. S. 109, 113-115 (63 SCt 477, 87 LE 645) (1943) (accident report prepared by railroad after train accident was inadmissible as business record because “those reports are not for the systematic conduct of the enterprise as a railroad business” but rather “are calculated for use essentially in the court”); Scheerer v. Hardee’s Food Systems, 92 F3d 702, 706-707 (8th Cir. 1996) (incident report prepared by restaurant after slip-and-fall accident was inadmissible as business record); Rock v. Huffco Gas & Oil Co., 922 F2d 272, 279 (5th Cir. 1991) (accident reports and logs documenting plaintiff’s injuries were inadmissible as business records). Incident reports are excluded from the business record exception under the rationale that they are prepared by a business “with the knowledge that the incident could result in litigation” and therefore are susceptible to manipulation, *218 Scheerer, 92 F3d at 706-707, and are not “made for the systematic conduct of the business as a business” but rather have their “primary utility ... in litigating.” Palmer, 318 U. S. at 112, 114.
While we review a trial court’s decision to admit or exclude evidence under an abuse-of-discretion standard, Owens v. State, 329 Ga. App. 455, 458 (1) (b) (765 SE2d 653) (2014), a trial court’s discretion is not without limits. See Williams v. State, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014) (noting that abuse-of-discretion standard “does not permit a ‘clear error of judgment’ or the application of ‘the wrong legal standard’ ”) (footnote omitted). We have not hesitated to reverse a trial court that erroneously admits a document under the business record exception to the hearsay rule, where the document was prepared in anticipation of litigation rather than in the regular course of the business. See, e.g., Reach Out, 176 Ga. App. at 585-586 (1). This is because the presumption of reliability and trustworthiness normally afforded business records “collapses when any person in the process is not acting in the regular course of the business.” (Citation and punctuation omitted.) Rock, 922 F2d at 279.
In the present case, the evidence introduced at trial reflects that after the police lieutenant apprehended Thompson in the store parking lot, the lieutenant returned the stolen camera and game console to the store’s loss prevention officer so that the officer could “complete his report and check the prices on the items, the things that are necessary for that case file.” The loss prevention officer at that point prepared a report about the shoplifting incident (the “Shoplifting Report”). He checked the box at the top of the form for “shoplifting,” listed the time and date of the incident, identified Thompson by name as the shoplifter, provided a physical description of Thompson, listed the assistant manager as a witness, and identified the stolen items and their prices. The Shoplifting Report also included a section entitled “Disposition Information” in which the loss prevention officer listed the time the police were called, the time they arrived on the scene, the time Thompson was detained by the police, the name of the responding police officer, the police officer’s identification number and telephone number, and the police department case number. The loss prevention officer checked a box on the Shoplifting Report indicating that the returned merchandise would be “retained as evidence at warehouse,” and the bottom of the report included an instruction for the person completing it to provide a “copy to police department.”
Given this record, the evidence shows that the loss prevention officer prepared the Shoplifting Report to memorialize the facts surrounding the shoplifting incident with the anticipation that Thompson would be criminally prosecuted, and, therefore, that the report *219 was prepared “in anticipation of litigation” such that it could not qualify as a business record. See Scheerer, 92 F3d at 707 (concluding that the “incident report shows on its face that it was prepared in anticipation of litigation” in light of the information sought in the report and the directions on the report to the employee completing it). And although the store’s assistant manager testified that reports were routinely prepared by loss prevention agents whenever there was a shoplifting incident, his testimony did not transform the Shoplifting Report into an admissible business record. See Milich, supra, § 19:11, p.. 758 (incident reports excluded “even if the business routinely prepares such records in such circumstances”). See also Palmer, 318 U. S. at 113 (noting that “the fact that a company makes a business out of recording its employees’ versions of their accidents does not put those statements in the class of records made ‘in the regular course’ of the business”); Reach Out, 176 Ga. App. at 585-586 (1) (“Although the appellee’s collection manager uses the appropriate legal incantation in his description of the referral status report, the report fails to qualify as a business record[.] Rather, the report was an ‘in-house’ information summary prepared in anticipation of litigation.”). Accordingly, the trial court erred in admitting the Shoplifting Report as a business record.
In reaching the opposite conclusion, the majority maintains that Thompson failed to rebut “the presumption of trustworthiness” afforded the Shoplifting Report. However, because the Shoplifting Report was prepared in anticipation of litigation, it was not made in the “regular course” of business. See Echo Acceptance Corp. v. Household Retail Svcs., 267 F3d 1068, 1091 (10th Cir. 2001) (noting that “one who prepares a document in anticipation of litigation is not acting in the regular course of business”). One of the foundational elements of OCGA § 24-8-803 (6) thus was not satisfied, and no presumption was created. See Ronald & Michael Scott Carlson, Carlson on Evidence, p. 546 (3d ed. 2015) (presumption of trustworthiness applies “[w]hen a party offers documentary evidence under Rule 803 (6) and establishes the requisite foundation for its admission”) (emphasis supplied). See also Rock, 922 F2d at 279 (presumption of trustworthiness “collapses” when document not prepared in the regular course of business) (citation and punctuation omitted); AAMCO Transmissions v. Baker, 591 FSupp.2d 788, 798 (E.D. Pa. 2008) (holding that “the assumption of reliability, accuracy, and trustworthiness underlying Rule 803 (6) [did] not apply” where the party seeking admission of the memorandum at issue “failed to show [that it was created] in the course of regularly conducted business activity, and not in anticipation of litigation”).
*220 The majority also places undue emphasis on the fact that the store was not a party to the criminal prosecution. While not a party to the criminal prosecution, a business, as the majority concedes, still has “an interest in seeing that a shoplifting suspect is prosecuted and incarcerated and thus no longer able to shoplift from its store.” Given the business’s interest in the success of the prosecution, the same trustworthiness and reliability concerns arise, irrespective of whether the litigation is civil or criminal. See, e.g., United States v. Blackburn, 992 F2d 666, 670 (7th Cir. 1993) (treating documents prepared by business in anticipation of criminal prosecution of robbery suspect as raising the same concerns over trustworthiness and reliability as other documents “made in anticipation of litigation”). This is particularly true where, as in this case, the business initiates contact with the police and has the shoplifting suspect arrested. Because the business could face civil liability for malicious prosecution if the criminal prosecution is later dismissed, the business has a vested interest in ensuring that the State succeeds in its prosecution of the suspect.
Finally, the majority glosses over the incomplete record developed by the State with respect to the Shoplifting Report, which fails to show that the Report was prepared by the store for some underlying business purpose other than anticipated litigation. The State failed to elicit any testimony whatsoever from the store’s assistant manager or any other witness explaining whether or to what extent shoplifting reports were used in the store’s underlying business operations, such as for inventory control or insurance purposes, rather than simply to memorialize shoplifting incidents for purposes of anticipated criminal or civil litigation. Given the entire absence of any testimony on this issue, there is simply no evidence that shoplifting reports were “made for the systematic conduct of the business as a business,” Palmer, 318 U. S. at 113, and thus in the regular course of the store’s business under OCGA § 24-8-803 (6).
For these reasons, I would conclude that the trial court erred in admitting the Shoplifting Report as a business record. Furthermore, nonconstitutional error is harmless in a criminal case only if it is “highly probable that the error did not contribute to the judgment,” Leverette v. State, 303 Ga. App. 849, 852 (2) (696 SE2d 62) (2010) (footnote omitted), and when that test is applied in this case, it is clear that the erroneous admission of the Shoplifting Report was harmful with respect to Thompson’s conviction for felony shoplifting.
To prove felony shoplifting under the law as it existed at the time of the offense, the State was required to show that the value of the property stolen by Thompson was over $300. OCGA § 16-8-14 (b) (1) *221 (2010).[11] “Value,” according to the statute, “means the actual retail price of the property at the time and place of the offense,” and “[t]he unaltered price tag or other marking on property, or duly identified photographs thereof, shall be prima-facie evidence of value and ownership of the property.” OCGA § 16-8-14 (c) (2010).
Decided March 30, 2015
Reconsideration denied April 14, 2015
Long D. Vo, Cara E. Clark, for appellant.
Herbert E. Franklin, Jr., District Attorney, Kay Baker, Assistant District Attorney, for appellee.
The State did not introduce the price tags for the stolen camera and game console, photographs of the tags, or testimony regarding the prices from an employee at the store with personal knowledge regarding pricing. Instead, the sole evidence of the value of the stolen items introduced by the State was the Shoplifting Report. Consequently, the improper admission of the Shoplifting Report contributed to Thompson’s felony shoplifting conviction, and we should reverse his conviction and sentence on that count of the indictment.
I am authorized to state that Judge Miller joins in this dissent.

 I concur fully in Divisions 2, 3 and 4.

 See also United States v. Arias-Izquierdo, 449 F3d 1168, 1183-1184 (11th Cir. 2006) (report documenting airline passenger information was inadmissible as business record because prepared in anticipation of trial); Noble v. Alabama Dept. of Environmental Mgmt., 872 F2d 361, 366-367 (11th Cir. 1989) (letter with attachments inadmissible as business record because prepared in anticipation of litigation).

 The current version of the statute requires the State to show that the value of the stolen property was over $500 to sustain a conviction for felony shoplifting. See OCGA § 16-8-14 (b) (1) (2014).